METROPOLITAN LIFE INSURANCE COMPANY v. THOS. B. LOVE, COMMISSIONER OF INSURANCE.

No. 1820.    Decided March 18, 1908.

**1.—Insurance—Foreign Corporation—Right to do Business—Mandamus.**

The Supreme Court will not determine the constitutionality of the Act of April 24, 1907 (Laws, 30th Leg., p. 316), on application of an insurance company for mandamus requiring the Insurance Commissioner to issue it a permit unless his duty, in the event such law be held invalid, is shown to be ministerial merely, and to do this it is necessary that it show itself entitled to the permit under the previous law. (Pp. 446, 447.)

**2.—Same—Investigation by Commissioner.**

A foreign life insurance company is not entitled to the certificate from the Insurance Commissioner required by article 3061, Revised Statutes, until he is satisfied that it is in the condition contemplated by the law as qualifying it to conduct such business; the statement to be furnished him by the company (Rev. Stats., art. 3062) is not conclusive upon the Commissioner, though in compliance with the law and alleged to be true; he is authorized to make such investigation into its affairs as he may deem prudent (Rev. Stats. art. 3048) in order to determine the facts; and where his answer shows that he is not satisfied without further investigation, though not directly denying the facts alleged, the mandamus against him must be denied whatever may be the power of the courts, if any, to review his decision when made.   (Pp. 446–449.)

Original application by the insurance company to the Supreme Court for writ of mandamus against Love as Commissioner of Insurance and Banking.

*Locke & Locke,* for relator.—The action of the commissioner in issuing a license, and in determining as a preliminary question whether the facts exist which authorize and require him to do so, is not judicial or discretionary, but is administrative or ministerial, and is subject to revision by the court.   Bankers' Life Ins. Co. v. Howland, 73 Vt., 1, 48 Atl., 435; Bankers' Life Ins. Co. v. Fleetwood, 76 Vt., 297, 57 Atl., 239; State v. Doyle, 40 Wis., 175 (188); Metropolitan Life Ins. Co. v. McNall, 81 Fed., 888; Mutual Life Ins. Co. v. Boyle, 82 Fed., 705; Kansas Home Ins. Co. v. Wilder, 43 Kans., 731, 23 Pac. 1061; Mutual Life Ins. Co. v. Prewitt (Ky.), 105 S. W., 463; State v. Vorys, 69 Ohio St., 56, 68 N. E., 580; Modern Maccabees v. Martin, 16 Pa. Dist. Rep., 909; People v. Van Cleave, 183 Ill., 330, 55 N. E., 698; State v. Fidelity & Casualty Co., 39 Minn., 538, 41 N. W., 108; State v. Fidelity & Casualty Co., 49 Ohio St., 440, 31 N. E., 658; State v. Searle (Neb.), 105 N. W., 284; Knights of Maccabees of the World v. Searle (Neb.), 106 N. W., 448; Liverpool & London & Globe Ins. Co. v. Clunie, 88 Fed., 160; Flournoy v. City of Jeffersonville, 17 Ind., 169; Morley v. Powers, 5 Lea (Tenn.), 691; State v. Murphy, 19 Nev., 89, 6 Pac., 840; People v. Rosendale, 25 N. Y. Supp., 769 (a very strong opinion that was reversed in a very weak one by the appellate division, 27 N. Y. Supp., 837, which in turn was discredited by the action of the Court of Appeals in affirming the decision on a different ground, 142 N. Y., 126); People v. Rice, 138 N. Y., 151, 33 N. E., 846; People v. State Racing Commission, N. Y., 82 N. E., 723; Hartford Fire Ins. Co. v. Raymond, 70 Mich., 485, 38 N. W., 474.

Even though an administrative officer have some discretionary powers, if a particular act be based upon grounds as to which his powers are not discretionary, with respect to such act he is subject to the control of the courts.   State v. Common Council of Watertown, 9 Wis., 254; Harwood v. Quinby, 44 Iowa, 385; People v. State Racing Commission, N. Y., 82 N. E., 723; Briggs v. Hopkins, 16 R. I., 83, 13 Atl., 109.

Acts of an administrative officer which are within the scope of

discretionary powers vested in him will be controlled by mandamus or injunction, if done arbitrarily and not in the reasonable and proper exercise of such powers. Sansom v. Mercer, 68 Texas, 488; Harwood v. Quinby, 44 Iowa, 385; Zanone v. Mound City, 103 Ill., 552; People v. State Racing Commission, N. Y., 82 N. E., 723; Keller v. Hewitt, 109 Cal., 149, 41 Pac., 872; Illinois State Board of Dental Examiners v. People, 123 Ill., 227, 13 N. E., 201; State v. Board, etc., of Public Schools, 134 Mo., 296, 35 S. W., 617.

The commissioner of insurance and banking is a constitutional officer of the State government, and the head of a department; wherefore the plaintiffs can maintain in this court an original suit for mandamus against him. Constitution, art. 16, sec. 38; General Laws of 1876, ch. 133, secs. 1, 2, 6 and 28; General Laws of 1907, ch. 59, sec. 16; Rev. Stats., 946; Pickle v. McCall, 86 Texas, 212; McKenzie v. Baker, 88 Texas, 669; Jernigan v. Finley, 90 Texas, 205.

*R. V. Davidson,* Attorney-General, and *Wm. E. Hawkins,* Assistant, for respondent.—The pleadings in this case raise an issue of fact as to whether or not the Metropolitan Life Insurance Company has fully and in good faith complied with all the requirements of the law of this State, to the satisfaction of the Commissioner of Insurance and Banking, and because of such issue of fact this court is without jurisdiction to issue a writ of mandamus compelling that officer to grant to said insurance company a certificate of authority authorizing it to transact business in Texas. Sansom v. Mercer, 68 Texas, 488, and cases cited. Gordon v. Terrell, Comr., 99 Texas, 403.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The plaintiffs, a New York Life Insurance Company, and Patrick J. Donovan, one of its policy-holders, have applied for a writ of mandamus from this court to require the respondent to grant to it a permit to pursue its business in this State. They aver a compliance with all of the statutory provisions of this State prescribing the conditions upon which it is made respondent's duty to issue the permit, except those of the Act of 1907, known as the "Robertson Act" (Laws 30th Leg., p. 316), with which plaintiffs admit the company has not complied and does not intend to comply. They contend that this Act is unconstitutional and void, is not a law, and that, therefore, no compliance with its requirements is necessary. It may be true that if the Act so far violates the Constitution as to render void the whole of it, or such parts of it, as would, if valid, interfere with the granting of the license, the company would be entitled to admission and to a mandamus to enforce it, provided there are other laws with which it has complied, giving it the right claimed and making it the clear, ministerial duty of the respondent to issue the license. But just here plaintiffs encounter what appears to us to be an insuperable obstacle to this proceeding. As an extra-state corporation, this company can only demand a right to pursue its business in this State when that right is given by her laws, and upon complying with the requirements of those laws imposed as conditions precedent to its admission. And on the other hand the

respondent can only be compelled by mandamus from this court to issue the license when such laws, upon admitted facts, make it his ministerial duty to take that action. Until this condition of things is shown the plaintiffs are in no position to make, and the court is not authorized to entertain, an attack upon the Act of 1907. We must, therefore, first determine whether or not plaintiffs show a right to the writ under the statutes, other than that of 1907.

By Article 3061, Revised Statutes, it is made unlawful for any such company to engage in the life insurance business in this State without first procuring a certificate of authority to do so from the Commissioner. Article 3048 requires that the Commissioner "be satisfied that such company has fully and in good faith complied with all the requirements of the law and is possessed of the amount of capital stock required by law," and further authorizes the Commissioner to "make or cause to be made such examination and investigation into the affairs of such company as he may deem prudent," before issuing the certificate of authority. A statement from the company is required by article 3062 designed to furnish information as to the facts which the Legislature deemed essential to its qualification to engage in the business. The petition shows, and it is not denied, that the plaintiff company has furnished a statement which, in its contents, complies with this requirement, and if the statute made this conclusive upon the Commissioner and required him, upon the strength of it, alone, to issue the certificate, it might be said that the duty would be absolute and that the right of this applicant for the certificate would be complete insofar as it depends upon these provisions. But such is not the case. The statute does not stop with exacting the statement, but expressly requires the Commissioner to satisfy himself, not merely by an examining of it, but by such investigation into the affairs of the company as he may deem prudent, that it has complied with all the requirements of the law. The inquiry he may make embraces within its scope all that may be necessary to the ascertainment of the facts of which he must be satisfied. From all the provisions taken together, including article 3050 as well as those already cited, it clearly appears that authority is given to the Commissioner to look fully into the condition of the company as affected by its capital stock, its assets, its liabilities, etc., to see that it is in the condition contemplated by the law as qualifying it to conduct a life insurance business; and the being in this condition is one of the things that constitutes compliance with the requirements of the law. It follows that his investigation into the affairs of the company is to be made partly for the ascertainment of such condition and that he must be satisfied of it before granting authority to do business.

In addition to alleging the making of the statement as required, the petition, directly and in detail, alleges the existence of each and all the facts which the law requires to entitle it to the certificate of authority claimed. The answer does not directly deny the existence of any of these facts, but, instead, shows, in substance, that the Commissioner is not satisfied without further investigation that the company has complied with the law in those things which are essen-

tial to the financial condition which must exist in order to constitute compliance, and as reasons for his doubt, he states, upon information, certain statements and charges that have been made against the company in different proceedings in New York. The view we take of the case renders it unnecessary to state this more fully. By their exceptions and in argument the plaintiffs contend that the positive averments of the petition can not be put in issue by statements thus made, based upon hearsay and not alleged to be true, and that, if it were otherwise, the facts stated are irrelevant to the question whether or not the company has complied with the laws of Texas.

But these contentions overlook one of the material questions in the case, which is, whether or not the conditions have arisen absolutely to entitle the plaintiffs to the authority applied for and to make it the present legal duty of the respondent to grant it. Before such right can arise and such duty attach under this statute the respondent has the right to satisfy himself, by an examination of the affairs of the company, of the existence of the necessary fact. The determination of the fact in this way is committed to him. If the court could ever review his final determination of such a question on the ground that it was arbitrary and capricious, or unsupported by any valid reason or not, it seems plain that it can not, by mandamus, deny him the authority which the statute expressly gives him of investigating the subject before acting. The court is not made the judge of the propriety of admitting such companies into the State. The court can only enforce rights given and duties imposed by law, and there can be no legal right of the kind claimed here, until everything has been done to make it the legal duty of respondent to issue the certificate. As we understand the answer, the matters of information are merely referred to as an evidence of the good faith of respondent and to meet the charge that his dissatisfaction has no reason to support it.

It must be borne in mind that the statutes under consideration do not prescribe certain facts the mere existence of which, to be ascertained in the ordinary way in the courts, entitles the company showing them to the certificate of authority, but they vest in an officer chosen for that purpose the duty and power of granting the authority, or not, according to the results of his own inquiries. Whatever may be the extent of the power of the courts to review his decision, after it has been made, we know of no principle that would authorize us virtually to take the inquiry out of his hands by compelling him to issue the certificate before he has decided whether or not it should be issued.

It is suggested that the respondent has no just reason for his doubt as to the facts. It is because of this contention, we presume, that the matters of hearsay are set up in the answer. But has the court the right at this time to entertain such a controversy? Who is to determine whether or not an examination is prudent, and, if so, who is to make that examination? The statute answers all such questions by investing the Commissioner with the discretion to determine

when an investigation should be made—a discretion which can not be controlled by mandamus.

It would be to no purpose to enter into the question as to the validity of the Act of 1907. If all that plaintiffs claim concerning it were conceded, they still could not maintain this proceeding.

It will be time to consider the intimation made that respondent is merely evading an attack upon the Robertson Act by interposing his right to make an investigation which he really does not desire to make, should an application be made, based upon a refusal to proceed with the investigation. No such question is in the present proceeding, which seeks to compel him to issue the certificate at once.

*Mandamus refused.*

### ON MOTION FOR REHEARING.

The motion shows nothing to induce us to modify the views expressed in the former opinion upon the case then presented by the pleadings. A request is made for the granting of a rehearing with leave to file additional pleadings to show that the respondent had finally acted upon relator's application for the certificate of authority, by refusing it, before this proceeding was begun, and that he has no intention of making further investigation. Upon the submission of the motion, respondent, through the Assistant Attorney-General representing him, announced to the court that he was ready and willing to proceed with an examination into the affairs of the relator whenever it should submit itself thereto. We must assume that this was done in good faith, and therefore conclude that nothing would be gained by granting the leave prayed for.

The motion is overruled.

Opinion filed April 8, 1908.