### W. T. PACE v. THE STATE.

No. 2456. Decided May 14, 1913.

1.—Keeping Disorderly House—Selling Liquor Without License—General Reputation.

Upon trial of selling intoxicating liquors, etc., at retail without license and keeping a disorderly house, there was no error in admitting evidence of the general reputation of the house as a place where intoxicating liquors were sold. Following Joliff v. State, 53 Texas Crim. Rep., 61.

2.—Same—Social Club—Charter—Extra-Territorial Law.

A charter granted by one State has no force and effect in any other State except by force of the laws of the State in which it is sought to transact business, and a charter issued by the State of Oklahoma authorizing the running of a social club has no effect in the State of Texas.

3.—Same—Rule Stated—Corporation—Charter.

A corporation being a mere creature of the law, possesses only those properties which the charter confers upon them, either expressly or as incidental to its very existence.

4.—Same—Rule Stated—Residence of Corporation—County.

A corporation is a mere creature of the law and can have no legal existence beyond the limit of the sovereignty which created it. It must dwell in the place of its creation, and the State of its creation can not confer on it a corporate existence beyond its own bounds, nor add to nor diminsh the powers to be exercised by it in other States. It has no extraterritorial force in another State and is only permitted to operate there under the principle of comity.

5.—Same—Rule Stated—Foreign Corporation.

Every State has the right to prescribe the terms upon which any corporation in another State or foreign country may do business within its limits or it may exclude such corporation entirely with the exception as to transacting interstate commerce.

6.—Same—Foreign Corporation—Permit Required.

A foreign corporation has no absolute rights of recognition in another State, but depends for such recognition and enforcement of its contract upon the assent of said State upon such condition as such State may deem proper.

7.—Same—Foreign Corporation—Rule Stated—Character of Business.

A corporation chartered under the laws of one State which undertakes to take up its habitation in another State and there transact business, must show that it is authorized to do the character of business in the State where created as well as that it is authorized to do the business under the laws of the State where it seeks to locate.

8.—Same—Case Stated—Social Club—Charter.

Where defendant was prosecuted for keeping a disorderly house where intoxicating liquors were kept for sale and sold, and claimed that he was entitled under a charter issued in the State of Oklahoma to run a social club, but failed to show that under said charter he would have the right to dispense liquors to the members of the club, he would not have such right in this State, even if he had secured a permit to do business in this State under such charter, unless authorized by the terms of the permit or other laws of the State.

9.—Same—Charge of Court—Bona Fide Club.

Where defendant was charged with the keeping of a disorderly house, etc., for the sale of liquor without license, and offered in evidence a charter obtained

in the State of Oklahoma to run a social club without showing that he had a right to dispense liquors, etc., it was not necessary to submit the question of a bona fide club, although the court so instructed the jury, and the defendant could not complain.

**10.—Same—Case Stated—Sufficiency of the Evidence.**

Upon trial of keeping a disorderly house where spirituous, vinous or malt liquors were sold or kept for sale at retail without license, the evidence showed that defendant was in control of the house and sold intoxicating liquors, he could not claim protection under a charter issued in the State of Oklahoma to run a social club, without showing that he had been granted a permit under the laws of this State, and the conviction was sustained.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of keeping a disorderly house where spirituous, vinous, and malt liquors were kept for sale and sold at retail without license; penalty, $200 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of social clubs to dispense liquor, etc.: Adams v. State, 66 Texas Crim. Rep., 220, 145 S. W. Rep., 940.

HARPER, JUDGE.—Appellant was prosecuted and convicted for keeping and being concerned in keeping a house where spirituous, vinous and malt liquors were sold and kept for sale in quantities of one gallon and less without having obtained a license to retail such liquors.

There was no error in permitting the State to prove by E. J. Erwin and others that the general reputation of the house alleged as a place where intoxicating liquors were sold was bad. Joliff v. State, 53 Texas Crim. Rep., 61.

In the second bill of exceptions it is shown that appellant offered to introduce testimony that he had secured a charter issued by the State of Oklahoma authorizing the running of a social club; that under this charter a board of directors had been elected, and under this charter it had been sought to organize a club without such charter ever having been filed with the Secretary of State of Texas, or ever having obtained a permit to do business in this State. Our Attorney-General has recently compiled a very able brief on this question for the guidance of the Secretary of State and other officers, and conclusively demonstrates that a charter granted by one State has no force and effect in any other State, except by force of the laws of the State in which it is sought to transact business. We herewith copy a few excerpts therefrom:

"The ordinary rule is that the powers of corporations are strictly limited to those granted in their charters or the statutes under which they are organized. Or, as was said by the Supreme Court of the

United States, in the Dartmouth College case, 'a corporation being a mere creature of the law possesses only those properties which the charter confers upon it, either expressly or as incidental to its very existence.' Revised Statutes, arts. 1164, 1167; Revised Statutes, art. 1140; Ry. Co. v. Morris et al., 67 Texas, 692; Fort Worth Ry. Co. v. Rosedale Ry. Co., 68 Texas, 163; Irrigation Co. v. Vivian, 74 Texas, 170; Sabine Tram Co. v. Bancroft, 16 Texas Civ. App., 170, 40 S. W. Rep., 837; Lyons-Thomas Hardware Co. v. Perry Stove Co., 86 Texas, 143, 24 S. W. Rep., 16; Rue v. Mo. Pac. Ry. Co., 74 Texas, 474; Thomas v. Ry. Co., 101 U. S., 71.

"In the case of Railway Company v. Morris, supra, the Supreme Court of the State said:

" 'The rule that a corporation has power to do only such acts as its charter, considered in relation to the general law, authorizes it to do. applies to every class of corporation.

" 'The law requires articles of incorporation to be adopted, signed and filed in the office of the Secretary of State, and these are required to give information on specified subjects, and among others, to state the identical thing the contemplated corporation proposed to do.

" 'When the articles of incorporation have been filed and recorded, as herein provided, the persons named as corporators therein shall thereupon become and be deemed a body corporate and be authorized to proceed to carry into effect the object set forth in such articles in accordance with the provisions of this title.' (The latter quotation being from the Revised Statutes as quoted in the opinion referred to.)

"In the first place, a corporation is a mere creature of the law, and can have no legal existence beyond the limits of the sovereignty which created it. It must dwell in the place of its creation. The State of its creation can not confer on it a corporate existence beyond its own bounds, nor add to or diminish the powers to be exercised by it in other States; that it must exist only by force of the statute or law of the State in which it is created and that the laws of the State of its creation can by their own vigor have no extraterritorial force in another State or country, but are permitted to operate there only on the principle of comity, which will be hereafter discussed. Thompson on Corporations, secs. 7875, 7881; Chapman v. Hallwood Cash Register Co., 32 Texas Civ. App., 76, 73 S. W. Rep., 969; Franco-Texan Land Company v. Laigle, 59 Texas, 339; Empire Mills v. Allston Grocery Co., 15 S. W. Rep., 505; Bank of Augusta v. Earle, 13 Pet., 519.

"In Thompson on Corporations, article 7881, that distinguished author, among other things, said:

" 'The following propositions are believed to be settled law: (1) That a corporation can exist only by force of the statute or other law of the State or country in which it is created; (2) that the laws of one State or county can by their own vigor have no extraterritorial force in another State or country, but are allowed to operate there only on the principle of comity; (3) that, as a corporation, it is a creature

of the law or State of the country creating it, it can not migrate into another State or country, establish its existence there and exercise its franchises there without the consent of the Legislature of that other State or country, express or implied. This doctrine was conceded in a leading case in the following language, in the opinion of the court, by Chief Justice Taney: "It is very true that a corporation can have no legal existence out of the boundaries of the sovereignty of which it is created. It exists only in contemplation of law and by force of law; and where that law ceases to operate, and is no longer obligatory, the corporation can have no existence. It must dwell in the place of its creation and can not migrate to another sovereignty." '

"In the case of Chapman v. Hallwood, etc., above cited, the Court of Civil Appeals of this State quoted with approval a portion of the foregoing excerpt, saying:

" 'The corporation being a mere creature of the local law, can have no legal existence beyond the sovereignty where created. It must dwell in the place of its creation, and can not migrate to another sovereignty.'

"Substantially the same language is used in the Franco-Texas Land Company case, above cited.

"It follows from the statement of the foregoing principles that every State has the right to prescribe the terms upon which any corporation in another State or foreign country may do business within its limits, or it may exclude such corporation entirely, with the exception, of course, as to transacting interstate commerce. It also follows that the admission of a foreign corporation to transact business in another State arises purely from the rule of comity between the States, that a foreign corporation has no absolute right to transact business in another State and may be admitted only upon such terms and conditions as the State in which it seeks to be admitted may provide by its laws; that is to say, a foreign corporation has no absolute right of recognition in another State, but depends for such recognition and enforcement of its contracts upon their assent, which assent may be granted upon such terms and conditions as the State may think proper to impose. Taber v. I. B. & L. Association, 91 Texas, 92; Metropolitan Life Ins. Co. v. Love, 101 Texas, 444; Huffman v. Mortgage Co., 13 Texas Civ. App., 169, 36 S. W. Rep., 306; Thompson on Corporations, secs. 7884-7887; 8 Cyc., p. 1043."

It is stated in some of the opinions cited by the Attorney-General that a corporation chartered under the laws of one State and undertakes to take up its habitation in another State and there transact business, must show that it is authorized to do the character of business in the State where created, as well as authorized to do the business under the laws of the State where it seeks to locate, and must conform to the laws of both States in the premises. Appellant offered no proof that a club organized in Oklahoma under the charter it had secured would have the right to (to use a popular expression) "dispense liquors" to its members in Oklahoma, and if it has no right under the law in Okla-

homa, the place of its creation, it would not have such right in this State, even if it had secured a permit to do business in this State under such charter unless authorized so to do by the terms of the permit or other law of this State. And while, under the peculiar wording of our statutes, it has been held that a bona fide club organized and created under our laws has the right to dispense liquors to its members under some circumstances; yet this is not the rule in Oklahoma, and the charter issued by Oklahoma would be limited by the laws of the State of its creation in so far as its authority to do a given character of business was concerned, until at least a permit had been obtained for it to transact business in some other State.

It was not necessary to submit the question of whether the club was a bona fide club, as it had no legal authority to locate in Texas and transact any character of business in this State under the Oklahoma charter, without having filed its articles of incorporation with the proper officials and received a permit to do so. However, the court instructed the jury:

"You are further instructed that if you find and believe from the evidence or have a reasonable doubt thereof, that the defendant did not make any sale of liquors as alleged in the information or that the defendant was not concerned in keeping said house, or if you find from the evidence that said house was a bona fide legal club, organized under the laws of the State of Texas; or if you have a reasonable doubt thereof then you will acquit the defendant. But in this connection you are instructed that if you believe from the evidence beyond a reasonable doubt that said place was not organized as a bona fide legal club, and further find that said club was organized and run as a subterfuge or evading the liquor laws of Texas; and you further find that said defendant kept or was concerned in keeping said house as a house where spirituous, vinous or malt liquors were sold or kept for sale in quantities of one gallon and less than one gallon without first having obtained a license under the laws of Texas to retail liquor, then you will find the defendant guilty."

This was a sufficient presentation of the issue, and there was no error in the court refusing the special instructions requested, as appellant could not assert any rights under the Oklahoma charter creating it in this State until it had been granted a permit under the laws of this State, and it is conclusively shown that appellant on various occasions was in control of the house, and sold intoxicating liquors to a number of men.

The judgment is affirmed.

*Affirmed.*