## STATE ex rel. BAUGHMAN et al. v. WOODRUFF et al.

No. 10061.

Court of Civil Appeals of Texas. San Antonio.

June 9, 1937.

Gaines, Gaines & Roberts, of San Antonio, and Hubert G. Wright, of Raymondville, for plaintiffs in error.

Jesse G. Foster and R. F. Robinson, both of Raymondville, for defendants in error.

SLATTON, Justice.

This suit was filed in the 103d district court of Willacy county by M. A. Baughman and ninety-four other resident citizens and property taxpayers and qual-

ified voters of Willacy County Water Control and Improvement District No. 1; said suit being filed by R. B. Rentfro, Jr., district attorney for the 103d judicial district of Willacy county, and H. G. Wright, county attorney of Willacy county, Tex., in their official capacities.

The petition was in two counts: The first in the nature of a quo warranto proceeding; and the second in the nature of a mandamus proceeding. The purpose of the quo warranto proceeding was to determine whether or not W. D. Woodruff, O. M. Bevins, Geo. R. Lochrie, and Albert Hughes were bona fide directors of said Willacy County Water Control and Improvement District No. 1. The parties sought by mandamus to require the directors of said district to hold an election to determine whether or not Willacy County Water Control and Improvement District No. 1 should be dissolved.

The petition was presented to the district judge, and he entered an order setting said cause for hearing on the 23d day of January, 1936, and directed citation to issue to each of the respondents.

The cause was heard on the 23d day of January, 1936. Respondents answered that they were the duly appointed, qualified, and acting directors of said district, to the first count, which was in the quo warranto proceeding; and to the second count they answered that the relators had failed to deposit money with the board of directors of said district in an amount sufficient to cover the expenses of holding the election desired to be held by them.

The trial court sustained the contention of the respondents and determined that the appointment and qualification of the directors of said district was in accordance with law and the relators were not entitled to any relief against said directors; and further found that the relators, at the time of the presentment of their petition to the board of directors, requesting a hearing and notice of a hearing of an election to determine whether or not the district should be dissolved, failed to deposit with the directors a sum of money sufficient to cover the estimated cost of said hearing and notice of hearing; and further found that prior to such presentation of such petition a lending of the credit of said dis-

trict had already been made. Hence this appeal, by writ of error, by the relators.

Defendants in error have filed in this court evidence showing that the terms of office of the challenged directors of the Willacy County Water Control and Improvement District No. 1 have expired, and assert that thereby the question raised by plaintiffs in error's quo warranto proceeding has become moot. The appointments complained of are alleged to have been made on or about the 27th day of November, 1935, and under the laws of this state their terms of office expired January 18, 1937.

We are of opinion therefore that it could serve no useful purpose for this court to determine whether or not these defendants were regularly appointed and legally acting as directors of said District. In Tex.Jur. vol. 3, p. 69, § 25, it is said: "A case is said to be moot when the question to be determined is abstract, that is, one which does not rest upon existing facts or rights, as when the right that was involved in the action no longer exists or has abated on the death of the defendant." And in the same section it is said: "An appellate court may receive extraneous proof to the effect that the issues involved in an appeal have become moot." See, also, McWhorter v. Northcut, 94 Tex. 86, 58 S.W. 720.

We have next to consider whether the plaintiffs in error were entitled to their writ of mandamus commanding the directors of said district to hold the election. Article 7880—77b, Revised Civil Statutes 1925, as amended (Vernon's Ann. Civ.St. art. 7880—77B), provides, among other things, as follows: "Further if twenty per cent of the qualified voters of the district do petition the directors of the district for such hearing upon a proposal to dissolve the district, and deposit with the directors a sum of money estimated to cover the actual cost of giving notice and holding the desired hearing, which deposit shall be applied to pay the same in case the finding shall be against the petition, the directors of the district shall within ten days, in the manner above provided, publish notice of such hearing," etc.

The plaintiffs in error having failed to allege and prove that they had made a deposit of such money, and the court hav-

ing found that they did not do so, it is clear that plaintiffs in error were not entitled to the issuance of the writ of mandamus as prayed for. 28 Tex.Jur. p. 547, § 18: "The relator must show that there is no impediment to the doing of the act sought to be compelled. The writ will not issue until everything has been done that is necessary to make it the legal duty of the officer to perform, * * *." See, also, Metropolitan Life Ins. Co. v. Love, 101 Tex. 444, 108 S.W. 821, 1157.

Accordingly, the judgment of the trial court is affirmed.