**Charles W. ANDERSON et al., Appellants,**

**v.**

**J. C. GROSSENBACHER, Jr., Appellee.**

**No. 14269.**

Court of Civil Appeals of Texas.

San Antonio.

June 10, 1964.

Rehearing Denied July 15, 1964.

Harvey L. Hardy, San Antonio, for appellants.

Carl Wright Johnson, Baskin & Gilliland, George W. Krog, J. C. Grossenbacher, Jr., San Antonio, Franklin S. Spears, San Antonio, of counsel, for appellee.

PER CURIAM.

J. C. Grossenbacher, Jr., Chairman of the Bexar County Home Rule Charter Drafting Commission, filed suit seeking a mandamus to compel the County Commissioners to call an election on a proposed County Home Rule Charter. The trial court

granted the mandamus and the Commissioners have appealed. Commissioners urge that the mandamus was not properly granted because (1) the Drafting Commission did not prove as a necessary condition precedent that it had complied with the mandatory quorum and hearing requirements of Sections 2, 11(a) and 11(f) of Article 1606a; (2) the proposed Charter contained provisions which are beyond and outside the field of the initiatory process which field is limited by Sec. 19, Art. 1606a, and (3) the statutory method of selecting one delegate from each county precinct to participate in a county convention, though followed, is unconstitutional because it is a disproportionate representation The appeal is determined by the first point, which is valid, and the mandamus will be dissolved.

The Commissioners refused to call the election and resisted the mandamus on the grounds that the Charter Drafting Commission had not complied with a condition precedent which Art. 1606a made a necessary predicate for the call. Article 1606a, Vernon's Ann.Civ.St., is the County Home Rule Statute. At the outset of that statute in Section 2, after reciting that its purpose is to implement Section 3 of Article IX of the Constitution of Texas, Vernon's Ann.St., it states, "all to be done in keeping with the provision of said amendment and under the procedural safeguards by this Act provided." Section 11(a) of the Home Rule Statute provides that the Drafting Commission selected by the County Commissioners, "may adopt all necessary reasonable rules to control notice of meetings and its procedure, save that, attendance of a majority of the commission's membership shall be required to constitute a quorum for business, and all questions shall be decided by a majority vote of those members in attendance." There were fifteen members of the Drafting Commission, and this meant that eight members were necessary for a quorum. No one disputes this. The Drafting Commission, in an early organizational meeting so provided and, absent

some contrary rule or law, that was the minimum number, as the statute stated, "required to constitute a quorum for business." This was not a mere parliamentary rule, but was an express statutory procedural minimum requirement.

The Drafting Commission pursued its labors and in conformity to the law caused its proposed charter to be published, and gave public notice of the time and place for five public hearings on the proposal. Those hearing dates were set for July 11, 16, 18, 25 and 26, 1963. The five hearings also were express statutory requirements. Section 11(f) provides: "Said publication further shall provide for five (5) or more public hearings before the commission * * *."

Upon the mandamus trial, it was proved that there were only six members of the Drafting Commission present at the fourth called public hearing. This was not a quorum. Without a quorum there was no hearing before the Commission, and it was powerless to transact any business. The result was that there were four hearings instead of the five required by statute.

Faced with this, the Commissioners' Court refused to call the election because the minimum number of public hearings had not been held. It decided that when the Legislature said five public hearings, it would not call an election when there had been only four. Section 11(f), Art. 1606a, requires "five (5) or more public hearings before the commission," not "five or less." The Commissioners properly concluded that Sec. 2, Art. 1606a, requiring "all to be done * * * under the procedural safeguards by this Act provided," had not been met, and therefore declined to call the election at an expense to the County of $30,000.

The contention in support of the mandamus is not grounded upon any argument that four, instead of the statutory minimum of five, hearings would suffice. The argument is that the Commissioners' Court could not inquire to determine if the procedural requirements had been met. Spe-

cifically, it is contended that the Commissioners' Court may not go behind the Drafting Commission's Report, which was approved by a majority, and which report recited that all five hearings had been "duly" held. The argument is that only members of the Drafting Commission could question its own legislative procedures. If the Legislature intended that the Drafting Commission could proceed at its own pleasure and in its own way, and that those charged with the duty of calling an election could make no inquiry, one wonders why the Legislature went to the trouble to write thirteen pages, carefully stating public safeguards of time, notice, hearing, quorum, journals and reports, and stated that all procedural safeguards must be followed.

We are not dealing with legislative rules made by the legislative body itself. A legislative body may waive, modify or disregard its own rules. South Georgia Power Co. v. Baumann, 169 Ga. 649, 151 S.E. 513; Rutherford v. City of Nashville, 168 Tenn. 499, 79 S.W.2d 581, 587; 1 Sutherland, Statutory Construction, § 604. We are instead dealing with statutory procedures under which the legislative body must proceed and which it is not free to ignore. The rule is stated in 67 C.J.S. Parliamentary Law § 6, P. 876:

"The courts will not disturb the ruling on a parliamentary question made by a deliberative body having all the necessary authority to make rules for its governance and acting within the scope of its powers. In so far as its judgment and direction are uncontrolled by the law of the land, it is free from the control of the courts; but, in so far as its acts are directed by law, it is subject to judicial authority."

The fault with the argument in support of the mandamus, therefore, is that we are not faced with a parliamentary rule made by the Drafting Commission which it could disregard, but we have a statutory rule which the Drafting Commis-

sion could not override or ignore. Without the quorum at the fourth called hearing there was no commission, and without a commission there was no hearing.

The Supreme Court in Glass v. Smith, 150 Tex. 632, 244 S.W.2d 645, approved a mandamus which ordered the City of Austin to call an election, though the City attacked the validity of the ordinance. In that case the Court, at the outset, stated, "It is conceded by petitioners that all procedural requirements for submission of the proposed ordinance have been met and no objection is made to its form." In recognizing the cases which had refused to order an election, the Court explained them by saying, "In all the Texas cases called to our attention in which it has been held that the people of a municipality could not validly exercise a delegated legislative power through initiative proceedings, it will be found that authority to act was expressly conferred upon the municipal governing body exclusively, or there was some preliminary duty such as the holding of hearings, etc., impossible of performance by the people in an initiative proceeding, by statute or charter made a prerequisite to the exercise of the legislative power."

In this case, all procedural requirements were not met; the preliminary duty to hold the required number of hearings was not followed. As stated in Turner v. Pruitt, 161 Tex. 532, 342 S.W.2d 422: "Writs of mandamus issue to control the conduct of an officer of government, judicial or administrative, only when the duty to do the act commanded is clear and definite and involves the exercise of no discretion—that is, when the act is ministerial. Wortham v. Walker, 133 Tex. 255, 128 S. W.2d 1138, 1150, 1151; United Production Corp. v. Hughes, 137 Tex. 21, 152 S.W.2d 327, 331; State Board of Insurance v. Betts, 158 Tex. 83, 308 S.W.2d 846, 848." Mandamus will not lie until everything has been done that is necessary to make it the legal duty of the official to act. Metropolitan Life Ins. Co. v. Love, 101 Tex. 444,

108 S.W. 821. In our opinion the call for the charter election was not a mere ministerial act so long as a statutory requirement for a public hearing had not been met. Sansom v. Mercer, 68 Tex. 488, 5 S.W. 62; Texas Power & Light Co. v. Brownwood Public Service Co., Tex.Civ. App., 111 S.W.2d 1225; State ex rel. Baughman v. Woodruff, Tex.Civ.App., 106 S.W.2d 1088; Boynton v. Brown, Tex. Civ.App., 164 S.W. 893; 5 McQuillin on Municipal Corporations, § 16.59.

The mandamus is dissolved.