**In re Debra DUPONT, Relator.**

No. 2–04–166–CV.

Court of Appeals of Texas,
Fort Worth.

July 26, 2004.

Andy Taylor & Associates, P.C., and Andy Taylor and Amanda Peterson, houston, for Relator.

Glast, Phillips & Murray, P.C., and Lawrence Fischman and Mark C. Enoch, Dallas, for Respondent.

Panel A: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

### Introduction

In this original proceeding, relator Debra Dupont seeks mandamus relief to re-

quire that respondent Zan Sharp Statham, as Chairperson of the Parker County Republican Party, certify Dupont's name for placement on the November 2, 2004 general election ballot as the Republican Party nominee for County Court at Law, Parker County, Texas, pursuant to section 145.037 of the Texas Election Code.[1] We conditionally grant the requested writ of mandamus.

## Background

The judicial seat of the County Court at Law position for Parker County was vacated on February 13, 2004, when the former holder of that office, Judge Graham Quisenberry, was sworn in as Judge of the 415th District Court in Parker County, Texas. Judge Quisenberry's appointment to the 415th District Court occurred too close to the March 2004 primary to allow the voters of Parker County the opportunity to select nominees for the County Court at Law from a field of competing candidates from the Republican and Democratic parties. *See* Tex. Elec.Code Ann. § 144.005(a) (Vernon Supp.2004) (providing that application for place on ballot must be filed by 62nd day before election day). Thus, to place a nominee on the November 2, 2004 general election ballot it became necessary for the Parker County Republican Party to nominate a candidate. *See id.* § 145.036 (Vernon 2003).

A regular meeting of the Parker County Republican Party Executive Committee was held on May 4, 2004. The meeting was called to order by the committee's chairperson, Zan Sharp Statham. Following the invocation and pledge of allegiance, Statham recognized the public officials who were present and announced committee appointments and upcoming events. A discussion then ensued about whether there was a quorum of precinct chairs present to conduct business. When it was determined that a quorum was present, the guest speaker, State Republican Party Chair Tina Benkiser, was introduced.

After Benkiser's remarks, the business portion of the meeting commenced, which included the election of a new secretary and new precinct chairs. Several people then rose to speak about the process for nominating a replacement candidate for the unexpired term for County Court at Law and the considerations the precinct chairs should take into account in making the selection. Thereafter, Hale Alderman rose to make a motion. After some discussion, Statham recognized Alderman, who read a prewritten motion entitled "Motion and Resolution to Nominate Debra Dupont for Placement on the November 2, 2004 General Election Ballot."[2]

---

1. This court has jurisdiction to issue writs of mandamus under Tex. Const. art. V, § 6, Tex. Gov't Code Ann. § 22.221(a) (Vernon 2004), Tex. Elec.Code Ann. § 273.061 (Vernon 2003), and Tex.R.App. P. 52.

2. The Motion and Resolution read as follows:

I am Hale Alderman, Chairman of Precinct 410, and I submit the following Motion to Nominate Debra Dupont for placement on the November 2, 2004 general election ballot for Judge of County Court at Law for a vote by the Executive Committee:

WHEREAS, there currently exists a vacancy in the office of Judge of Parker County Court at Law;

WHEREAS, this vacancy first occurred on February 13th 2004, when the Honorable Graham Quisenberry was sworn in to become the first judge of the 415th District Court;

WHEREAS, the executive committees of both the Republican and Democratic Parties are the only bodies who can lawfully act to nominate a replacement candidate to fill the vacancy in the nomination for Judge of County Court at Law for placement on the November 2, 2004 ballot;

WHEREAS, time is of the essence for our Republican candidate to raise funds and mount a successful campaign for the general election to be held this November as the Democratic Party can be expected to place a can-

Ellen Woodard moved to table the Motion and Resolution. The motion to table was seconded by Bob Estes, and the question was called. A vote on the motion to table was taken, and the motion failed.[3] Someone else rose to make a motion to place Faye Murphree on the November ballot as the Republican Party nominee. As there was another motion on the floor, Statham ruled that the motion to place Faye Murphree on the ballot was out of order.

After a lengthy discussion, a vote was taken,[4] and the Motion and Resolution passed by an 18–16 majority of the precinct chairs who were present. Thereafter, Statham entertained a motion to place Judge Quisenberry on the ballot as the party's nominee for the 415th District Court, which motion passed and the meeting was adjourned.

The Motion and Resolution directed Statham to certify Dupont's name for the general election ballot and file a Certificate of Nomination to Fill Unexpired Term with the Parker County Clerk by 3:00 p.m. on May 14, 2004. Despite this directive, Statham refused and continues to refuse to certify Dupont to the Parker County Clerk. *See* TEX. ELEC.CODE ANN. § 145.037(d)(2) (Vernon 2003).

## Standard of Review

■ In deciding whether a writ of mandamus is appropriate, we recognize that mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding). Mandamus will lie to compel a party chairperson to place an individual's name on a ballot if the individual is entitled to be placed on the ballot. *See* TEX. ELEC.CODE ANN. §§ 145.037(a), 161.009, 273.061.

didate on the ballot as well, and our Republican candidate must not be prejudiced by a delay in nomination to this race if we intend to keep a good Republican judge in this important post;

WHEREAS, the Republican Party proudly fielded 5 qualified candidates in the primary election held on March 9, 2004 for County Court at Law # 2, a court having equivalent qualifications for judge and equivalent jurisdiction to County Court at Law;

WHEREAS, a run-off election was necessitated and then held on April 13, 2004, between the top two vote-getters in the primary election for Judge of County Court at Law # 2;

WHEREAS, out of the 5224 Republican ballots cast in the run-off election held on April 13, 2004, in the race for Judge of County Court at Law # 2, 2594 votes were cast for candidate Debra Dupont;

WHEREAS, Debra Dupont is well-qualified for the position of Judge of County Court at Law, has a demonstrated commitment to the tenets and principles of our Republican Party and has the proven support of the Republican voters of Parker County;

NOW, THEREFORE, BE IT RESOLVED, that we, the Republican Executive Committee, do hereby designate and nominate Debra Dupont for placement on the November 2, 2004 general election ballot for Judge of County Court at Law;

FURTHER, we direct the Party Chairman to certify the name of Debra Dupont for the November 2nd 2004 general election ballot and file the "Certificate of Nomination to Fill Unexpired Term," a copy of which is attached hereto, to the Parker County Clerk by 3:00 p.m. on May 14, 2004.

3. According to the minutes of the May 4 meeting, the vote on the motion to table was 11 favorable and 22 opposed. In her affidavit, Statham avers that the vote was 12 favorable and 22 opposed. *But see City of Bonham v. S.W. Sanitation, Inc.,* 871 S.W.2d 765, 767 (Tex.App.-Texarkana 1994, writ denied) (holding that proof of governing body's acts may be supplied only by authenticated minutes of meeting at which action occurred, unless minutes have been lost or destroyed).

4. Each precinct chair approached Statham and verbally told her their vote.

## Discussion

The Texas Election Code provides that, when a vacancy occurs as a result of a candidate being appointed to fill a vacancy in another elective office, the "political party's state, district, county, or precinct executive committee, as appropriate for the particular office, may nominate a replacement candidate to fill the vacancy." *Id.* § 145.036(a), (b)(3). Once the party nominates a replacement candidate, the chairperson has a mandatory duty to "certify in writing the nominee's name for placement on the ballot [and] deliver the certification to ... the authority responsible for having the official ballot prepared." *Id.* § 145.037(a), (d)(2). This duty must be performed in accordance with the will of the body that is statutorily entitled to select a candidate. *Davis v. Taylor,* 930 S.W.2d 581, 584 (Tex.1996) (orig.proceeding).

Section 145.037 imposed a mandatory duty on Statham to properly certify Dupont's candidacy and file the certification in accordance with the will of the majority of the precinct chairs who were present at the May 4 meeting of the Parker County Republican Party Executive Committee. Statham failed to comply with that duty when she refused to certify Dupont's candidacy and file the certification with the Parker County Clerk by 3:00 p.m. on May 14, 2004,[5] as specifically directed by the Motion and Resolution. A party official who fails to carry out a duty under the election code is subject to mandamus as if the official were a public officer. Tex. Elec.Code Ann. §§ 161.009, 273.061.

■ Statham contends, however, that she had discretion in her capacity as chair of the party's executive committee to decline to accept the May 4 vote to place Dupont on the ballot because the committee's parliamentary procedures governing nominations for a replacement candidate were not followed.[6] Specifically, she asserts that parliamentary procedure requires a two-thirds affirmative vote to close nominations and that it is "reasonable to infer," from the vote on Dupont's nomination, and the disputed vote on the failed motion to table, that a motion to close nominations would not have received a two-thirds vote. Statham asserts that, because a fact issue exists concerning whether the nominations for a replacement candidate were "effectively closed," [7] we have no jurisdiction to grant mandamus relief. *See West v. Solito,* 563 S.W.2d 240, 245 (Tex.1978) (orig.proceeding); *Johnson v. Hughes,* 663 S.W.2d 11, 13 (Tex.App.-Houston [1st Dist.] 1983, orig. proceeding)

5. Absent a vote by a majority of the Parker County Republican Party Executive Committee that the certification be filed by 3:00 p.m. on May 14, 2004, or another time and date certain, Statham would have been required to file the certification "not later than 5 p.m. of the 60th day before election day." Tex. Elec. Code Ann. § 145.037(e).

6. The committee has adopted bylaws providing, in material part:

   Article VII

   . . . .

   Section 1. The rules contained in the most current edition of *Robert's Rules of Order* shall govern the Executive committee in all cases to which they are applicable and in which they are not inconsistent with these bylaws and any special rules promulgated by the Republican Party of Texas, or any state or federal statutes.

   Parker County Republican Party Bylaws, art. VII (current through July 2004).

7. After the motion to table the Motion and Resolution nominating Dupont failed, Statham ruled the nomination of Murphree out of order because the Motion and Resolution were on the floor. This ruling, in effect, precluded Murphree's nomination from being considered by the committee, a result Statham now suggests would not have been supported by the required two-thirds vote to close nominations.

(both holding that appellate courts may not decide disputed fact issues in mandamus proceedings).

Ordinarily, "courts do not concern themselves with whether parliamentary rules are followed; instead, courts are concerned with whether the law of the land is followed." *Reform Party of U.S. v. Gargan*, 89 F.Supp.2d 751, 757–58 (W.D.Va. 2000); *see Anderson v. Grossenbacher*, 381 S.W.2d 72, 74 (Tex.Civ.App.-San Antonio 1964, writ ref'd n.r.e.); *see also* 59 AM. JUR.2D *Parliamentary Law* § 5 (current through May 2004) (stating that courts generally do not concern themselves with violations of parliamentary rules in deliberative proceedings); 67A C.J.S. *Parliamentary Law* § 8 (current through June 2004) (noting that courts will not disturb the ruling on a parliamentary question made by a deliberative body). Because we do not concern ourselves with parliamentary procedure, the existence of a factual dispute over whether such procedures were followed has no bearing on our jurisdiction to grant mandamus relief based on undisputed facts relevant to our determination of a controlling question of law.

■ In this case, the facts relevant to our determination of whether Statham has complied with the Texas Election Code are established without dispute. The record conclusively shows that Statham declared that a quorum of the Parker County Republican Party Executive Committee was present at the May 4 meeting, and it is undisputed that a majority of the precinct chairs voted to place Dupont on the November 2, 2004 general election ballot as the party's replacement candidate for Parker County Court at Law. Under section 145.037 of the Texas Election Code, Statham had a nondiscretionary duty to properly certify Dupont based on this vote, whether she was satisfied that the vote was taken in accordance with every partic-

ular of parliamentary procedure or not. *See* TEX. ELEC.CODE ANN. § 145.037. The dispute over whether the nominations for a replacement candidate were open or closed when the vote on Dupont was taken did not excuse Statham from performing this mandatory duty. *Cf. Davis*, 930 S.W.2d at 584 (holding that party executive committee chair who is dissatisfied with committee's action has no discretion to refuse to certify nominee of body that is statutorily entitled to select party's replacement candidate).

### Conclusion

We hold that Dupont is entitled to mandamus relief against Statham, who shall comply instanter with section 145.037 of the election code in accordance with the Motion and Resolution. We, therefore, conditionally grant the petition for writ of mandamus against Statham. The writ will not issue unless Statham fails to notify the clerk of this court in writing upon receipt of this opinion that she has properly certified Dupont's candidacy and immediately filed the certification with the Parker County Clerk.