COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-166-CV
 
 
 
IN RE DEBRA 
DUPONT                                                              RELATOR
 
 
 
------------
 
ORIGINAL 
PROCEEDING
 
------------
 
OPINION
 
------------
Introduction
        In 
this original proceeding, relator Debra Dupont seeks mandamus relief to require 
that respondent Zan Sharp Statham, as Chairperson of the Parker County 
Republican Party, certify Dupont’s name for placement on the November 2, 2004 
general election ballot as the Republican Party nominee for County Court at Law, 
Parker County, Texas, pursuant to section 145.037 of the Texas Election Code.[1]  We conditionally grant the requested writ of 
mandamus.
Background
        The 
judicial seat of the County Court at Law position for Parker County was vacated 
on February 13, 2004, when the former holder of that office, Judge Graham 
Quisenberry, was sworn in as Judge of the 415th District Court in Parker County, 
Texas. Judge Quisenberry’s appointment to the 415th District Court occurred 
too close to the March 2004 primary to allow the voters of Parker County the 
opportunity to select nominees for the County Court at Law from a field of 
competing candidates from the Republican and Democratic parties. See Tex. Elec. Code Ann. § 144.005(a) 
(Vernon Supp. 2004) (providing that application for place on ballot must be 
filed by 62nd day before election day).  Thus, to place a nominee on the 
November 2, 2004 general election ballot it became necessary for the Parker 
County Republican Party to nominate a candidate.  See id. § 145.036 
(Vernon 2003).
        A 
regular meeting of the Parker County Republican Party Executive Committee was 
held on May 4, 2004.  The meeting was called to order by the committee’s 
chairperson, Zan Sharp Statham. Following the invocation and pledge of 
allegiance, Statham recognized the public officials who were present and 
announced committee appointments and upcoming events.  A discussion then 
ensued about whether there was a quorum of precinct chairs present to conduct 
business.  When it was determined that a quorum was present, the guest 
speaker, State Republican Party Chair Tina Benkiser, was introduced.
        After 
Benkiser’s remarks, the business portion of the meeting commenced, which 
included the election of a new secretary and new precinct chairs.  Several 
people then rose to speak about the process for nominating a replacement 
candidate for the unexpired term for County Court at Law and the considerations 
the precinct chairs should take into account in making the selection.  
Thereafter, Hale Alderman rose to make a motion.  After some discussion, 
Statham recognized Alderman, who read a prewritten motion entitled “Motion and 
Resolution to Nominate Debra Dupont for Placement on the November 2, 2004 
General Election Ballot.”[2]
        Ellen 
Woodard moved to table the Motion and Resolution.  The motion to table was 
seconded by Bob Estes, and the question was called.  A vote on the motion 
to table was taken, and the motion failed.[3]  
Someone else rose to make a motion to place Faye Murphree on the November ballot 
as the Republican Party nominee.  As there was another motion on the floor, 
Statham ruled that the motion to place Faye Murphree on the ballot was out of 
order.
        After 
a lengthy discussion, a vote was taken,[4] and the 
Motion and Resolution passed by an 18-16 majority of the precinct chairs who 
were present.  Thereafter, Statham entertained a motion to place Judge 
Quisenberry on the ballot as the party’s nominee for the 415th District Court, 
which motion passed and the meeting was adjourned.
        The 
Motion and Resolution directed Statham to certify Dupont’s name for the 
general election ballot and file a Certificate of Nomination to Fill Unexpired 
Term with the Parker County Clerk by 3:00 p.m. on May 14, 2004.  Despite 
this directive, Statham refused and continues to refuse to certify Dupont to the 
Parker County Clerk.  See Tex. 
Elec. Code Ann. § 145.037(d)(2) (Vernon 2003).
Standard of Review
        In 
deciding whether a writ of mandamus is appropriate, we recognize that mandamus 
will issue only to correct a clear abuse of discretion or the violation of a 
duty imposed by law when there is no other adequate remedy at law.  Walker 
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  
Mandamus will lie to compel a party chairperson to place an individual’s name 
on a ballot if the individual is entitled to be placed on the ballot.  See 
Tex. Elec. Code Ann. §§ 
145.037(a), 161.009, 273.061.
Discussion
        The 
Texas Election Code provides that, when a vacancy occurs as a result of a 
candidate being appointed to fill a vacancy in another elective office, the 
“political party’s state, district, county, or precinct executive committee, 
as appropriate for the particular office, may nominate a replacement candidate 
to fill the vacancy.”  Id. § 145.036(a), (b)(3).  Once the 
party nominates a replacement candidate, the chairperson has a mandatory duty to 
“certify in writing the nominee’s name for placement on the ballot [and] 
deliver the certification to . . . the authority responsible for having the 
official ballot prepared.” Id. § 145.037(a), (d)(2).  This duty 
must be performed in accordance with the will of the body that is statutorily 
entitled to select a candidate.  Davis v. Taylor, 930 S.W.2d 581, 
584 (Tex. 1996) (orig. proceeding).
        Section 
145.037 imposed a mandatory duty on Statham to properly certify Dupont’s 
candidacy and file the certification in accordance with the will of the majority 
of the precinct chairs who were present at the May 4 meeting of the Parker 
County Republican Party Executive Committee.  Statham failed to comply with 
that duty when she refused to certify Dupont’s candidacy and file the 
certification with the Parker County Clerk by 3:00 p.m. on May 14, 2004,[5] as specifically directed by the Motion and Resolution.  
A party official who fails to carry out a duty under the election code is 
subject to mandamus as if the official were a public officer.  Tex. Elec. Code Ann. §§ 161.009, 
273.061.
        Statham 
contends, however, that she had discretion in her capacity as chair of the 
party’s executive committee to decline to accept the May 4 vote to place 
Dupont on the ballot because the committee’s parliamentary procedures 
governing nominations for a replacement candidate were not followed.[6]  Specifically, she asserts that parliamentary 
procedure requires a two-thirds affirmative vote to close nominations and that 
it is “reasonable to infer,” from the vote on Dupont’s nomination, and the 
disputed vote on the failed motion to table, that a motion to close nominations 
would not have received a two-thirds vote.  Statham asserts that, because a 
fact issue exists concerning whether the nominations for a replacement candidate 
were “effectively closed,”[7]  we have no 
jurisdiction to grant mandamus relief.  See West v. Solito, 563 
S.W.2d 240, 245 (Tex. 1978) (orig. proceeding); Johnson v. Hughes, 663 
S.W.2d 11, 13 (Tex. App.—Houston [1st Dist.] 1983, orig. proceeding) (both 
holding that appellate courts may not decide disputed fact issues in mandamus 
proceedings).
        Ordinarily, 
“courts do not concern themselves with whether parliamentary rules are 
followed; instead, courts are concerned with whether the law of the land is 
followed.”  Reform Party of U.S. v. Gargan, 89 F. Supp. 2d 751, 
757-58 (W.D. Va. 2000); see Anderson v. Crossenbacher, 381 S.W.2d 72, 74 
(Tex. Civ. App.—San Antonio 1964, writ ref’d n.r.e.); see also 59 Am. Jur. 2d Parliamentary Law § 
5 (current through May 2004) (stating that courts generally do not concern 
themselves with violations of parliamentary rules in deliberative proceedings); 
67A C.J.S. Parliamentary Law § 8 (current through June 2004) (noting 
that courts will not disturb the ruling on a parliamentary question made by a 
deliberative body).  Because we do not concern ourselves with parliamentary 
procedure, the existence of a factual dispute over whether such procedures were 
followed has no bearing on our jurisdiction to grant mandamus relief based on 
undisputed facts relevant to our determination of a controlling question of law.
        In 
this case, the facts relevant to our determination of whether Statham has 
complied with the Texas Election Code are established without dispute.  The 
record conclusively shows that Statham declared that a quorum of the Parker 
County Republican Party Executive Committee was present at the May 4 meeting, 
and it is undisputed that a majority of the precinct chairs voted to place 
Dupont on the November 2, 2004 general election ballot as the party’s 
replacement candidate for Parker County Court at Law.  Under section 
145.037 of the Texas Election Code, Statham had a nondiscretionary duty to 
properly certify Dupont based on this vote, whether she was satisfied that the 
vote was taken in accordance with every particular of parliamentary procedure or 
not.  See Tex. Elec. Code 
Ann. § 145.037.  The dispute over whether the nominations for a 
replacement candidate were open or closed when the vote on Dupont was taken did 
not excuse Statham from performing this mandatory duty.  Cf. Davis, 
930 S.W.2d at 584 (holding that party executive committee chair who is 
dissatisfied with committee’s action has no discretion to refuse to certify 
nominee of body that is statutorily entitled to select party’s replacement 
candidate).
Conclusion
        We 
hold that Dupont is entitled to mandamus relief against Statham, who shall 
comply instanter with section 145.037 of the election code in accordance with 
the Motion and Resolution.  We, therefore, conditionally grant the petition 
for writ of mandamus against Statham.  The writ will not issue unless 
Statham fails to notify the clerk of this court in writing upon receipt of this 
opinion that she has properly certified Dupont’s candidacy and immediately 
filed the certification with the Parker County Clerk.
 
 
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
 
PANEL 
A:   CAYCE, C.J.; HOLMAN and GARDNER, JJ.
 
DELIVERED: 
July 26, 2004

 
NOTES
1.  
This court has jurisdiction to issue writs of mandamus under Tex. Const. art. 5, § 6, Tex. Gov’t Code Ann. § 22.221(a) 
(Vernon 2004), Tex. Elec. Code Ann. 
§ 273.061 (Vernon 2003), and Tex. R. 
App. P. 52.
2.  
The Motion and Resolution read as follows:
I 
am Hale Alderman, Chairman of Precinct 410, and I submit the following Motion to 
Nominate Debra Dupont for placement on the November 2, 2004 general election 
ballot for Judge of County Court at Law for a vote by the Executive Committee:
WHEREAS, 
there currently exists a vacancy in the office of Judge of Parker County Court 
at Law;
WHEREAS, 
this vacancy first occurred on February 13th 2004, when the Honorable Graham 
Quisenberry was sworn in to become the first judge of the 415th District Court;
WHEREAS, 
the executive committees of both the Republican and Democratic Parties are the 
only bodies who can lawfully act to nominate a replacement candidate to fill the 
vacancy in the nomination for Judge of County Court at Law for placement on the 
November 2, 2004 ballot;
WHEREAS, 
time is of the essence for our Republican candidate to raise funds and mount a 
successful campaign for the general election to be held this November as the 
Democratic Party can be expected to place a candidate on the ballot as well, and 
our Republican candidate must not be prejudiced by a delay in nomination to this 
race if we intend to keep a good Republican judge in this important post;
WHEREAS, 
the Republican Party proudly fielded 5 qualified candidates in the primary 
election held on March 9, 2004 for County Court at Law #2, a court having 
equivalent qualifications for judge and equivalent jurisdiction to County Court 
at Law;
WHEREAS, 
a run-off election was necessitated and then held on April 13, 2004, between the 
top two vote-getters in the primary election for Judge of County Court at Law 
#2;
WHEREAS, 
out of the 5224 Republican ballots cast in the run-off election held on April 
13, 2004, in the race for Judge of County Court at Law #2, 2594 votes were cast 
for candidate Debra Dupont;
WHEREAS, 
Debra Dupont is well-qualified for the position of Judge of County Court at Law, 
has a demonstrated commitment to the tenets and principles of our Republican 
Party and has the proven support of the Republican voters of Parker County;
NOW, 
THEREFORE, BE IT RESOLVED, that we, the Republican Executive Committee, do 
hereby designate and nominate Debra Dupont for placement on the November 2, 2004 
general election ballot for Judge of County Court at Law;
FURTHER, 
we direct the Party Chairman to certify the name of Debra Dupont for the 
November 2nd 2004 general election ballot and file the “Certificate of 
Nomination to Fill Unexpired Term,” a copy of which is attached hereto, to the 
Parker County Clerk by 3:00 p.m. on May 14, 2004.
3.  
According to the minutes of the May 4 meeting, the vote on the motion to table 
was 11 favorable and 22 opposed.  In her affidavit, Statham avers that the 
vote was 12 favorable and 22 opposed.  But see City of Bonham v. S.W. 
Sanitation, Inc., 871 S.W.2d 765, 767 (Tex. App.—Texarkana 1994, writ 
denied) (holding that proof of governing body’s acts may be supplied only by 
authenticated minutes of meeting at which action occurred, unless minutes have 
been lost or destroyed).
4.  
Each precinct chair approached Statham and verbally told her their vote.
5.  
Absent a vote by a majority of the Parker County Republican Party Executive 
Committee that the certification be filed by 3:00 p.m. on May 14, 2004, or 
another time and date certain, Statham would have been required to file the 
certification “not later than 5 p.m. of the 60th day before election day.”  
Tex. Elec. Code Ann. § 
145.037(e).
6.  
The committee has adopted bylaws providing, in material part:
Article 
VII
                . 
. . .
Section 
1. The rules contained in the most current edition of Robert’s Rules of Order shall govern 
the Executive committee in all cases to which they are applicable and in which 
they are not inconsistent with these bylaws and any special rules promulgated by 
the Republican Party of Texas, or any state or federal statutes.
Parker 
County Republican Party Bylaws, art. VII (current through July 2004).
7.  
After the motion to table the Motion and Resolution nominating Dupont failed, 
Statham ruled the nomination of Murphree out of order because the Motion and 
Resolution were on the floor.  This ruling, in effect, precluded 
Murphree’s nomination from being considered by the committee, a result Statham 
now suggests would not have been supported by the required two-thirds vote to 
close nominations.