Honorable Sam W. Dick Criminal District Attorney County Courthouse Fort Bend County Richmond, Texas 77469
Re: Authority of a Justice of the Peace to prescribe community service as a sentencing alternative, and related questions (RQ-1344)
Dear Mr. Dick:
You ask the following questions:
 1. May a Justice of the Peace provide community service to a defendant as an alternative punishment?
 If so, will the Justice of the Peace and/or the County be liable for injuries sustained by the defendant during community service or for damages sustained by third parties as a result of the community service?
 2. What are the liabilities of the Judge and the County in providing community service in juvenile cases for injuries sustained by the third parties as a result of the community service?
 3. What are the liabilities of the Judge and County in providing community service as a condition of probation in misdemeanor and felony cases for injuries sustained by the defendant during community service or for damages sustained by third parties as a result of the community service?
 4. Can the County include criminal defendants in its workers compensation insurance program and its liability insurance program to cover the liabilities during the period of community service?
 5. Does the Texas Tort Claims Act exempt the Judge and County from liability for community services?
You note that, while subsection (2)(d) of article 45.54 of the Texas Code of Criminal Procedure does not specifically provide for community service, the court is given discretion in granting any other reasonable conditions.
Article 45.54 provides
 (1) Upon conviction of the defendant of a misdemeanor punishable by fine only, other than a misdemeanor disposed of by Section 143A, Uniform Act Regulating Traffic on Highways (Article 6701d, Vernon's Texas Civil Statutes), the justice may suspend the imposition of the fine and defer final disposition of the case for a period not to exceed 180 days.
 (2) During said deferral period, the justice may require the defendant to:
 (a) post a bond in the amount of the fine assessed to secure payment of the fine;
 (b) pay restitution to the victim of the offense in an amount not to exceed the fine assessed;
(c) submit to professional counseling; and
 (d) comply with any other reasonable condition, other than payment of all or part of the fine assessed.
 (3) At the conclusion of the deferral period, if the defendant presents satisfactory evidence that he has complied with the requirements imposed, the justice may dismiss the complaint. Otherwise, the justice may reduce the fine assessed or may then impose the fine assessed. If the complaint is dismissed, a special expense not to exceed the amount of the fine assessed may be imposed.
 (4) Records relating to a complaint dismissed as provided by this article may be expunged under Article 55.01 of this code. (Emphasis added.)
Code Crim.Proc. art. 45.54.
In Attorney General Opinion JM-526 (1986), the following observations were made relative to the legislature's enactment of article 45.54:
 The legislature enacted this statute to enable a `justice' to make a form of probation available to defendants convicted of offenses with a maximum punishment of a fine not to exceed $200, i.e. Class C misdemeanors. See Acts 1981, 67th Leg., ch. 318, § 1, at 894 eff. Sept. 1, 1981. Penal Code § 12.23. This office has previously characterized article 45.54 as a form of `probation' although the statute does not use the term. See Attorney General Opinion JM-307 (1985); see also Baker Bubany, `Probation for Class C Misdemeanors: To Fine or Not to Fine is Now the Question,' 22 So.Tex.L.J. 249 (1981). Prior to that time, there was no legislative authorization to allow probation in non-traffic misdemeanor offenses punishable by fine only. See Code Crim.Proc. art. 42.13; see also Attorney General Opinion H-1128 (1978).
In Attorney General Opinion JM-307 (1985) it was noted that article 45.54, in contrast to the felony and misdemeanor probation statute, includes no purpose clause or any other provision stating the goals of its procedures for suspending sentences. See Code Crim.Proc. art. 42.12. In Attorney General Opinion JM-526 it was stated that article 45.54 authorizes the requirement that the convicted defendant obtain employment as a condition of the deferral of the fine so long as the condition of employment is reasonable. If a defendant can be required to obtain employment under article 45.54, the same rationale would tend to support the conclusion that he can be required to render community service so long as that requirement is reasonable. Probation authorized by article 45.54 may only be applicable when the defendant has agreed to the conditions of the deferral. Attorney General Opinion JM-526.
In Baker and Bubany, Probation for Class C Misdemeanors: To Fine or Not to Fine is Now the Question, 22 So.Tex.L.J. 249 (1981), concern is expressed about the requirement of community service absent statutory sanction and where the penalty for the offense is by fine rather than by restraint. While it is recognized that the requirement of community service is not as severe a restraint as imprisonment, it is suggested that it is a restriction of a person's liberty.
Code Crim.Proc. art. 42.12, § 10A provides for community service as a requirement for probationers convicted of Class A and Class B misdemeanors. In both of these classes of misdemeanors, punishment is by fine or imprisonment, or by both fine and imprisonment.[1] Hence, a person who has been convicted of either a Class A or Class B misdemeanor, and assessed a fine only, may be required to perform community service as a condition of probation. Clearly, a requirement that the defendant obtain employment is no less restrictive of a person's liberty than the requirement of rendering community service.
Article 45.54 provides no limit on the amount of community service that may be required. Section 10A(d) of article 42.12 limits the amount of community service which may be ordered by the court for defendants convicted of Class A and Class B misdemeanors. Community service for a defendant convicted of a Class A misdemeanor "may not exceed 200 hours and may not be less than 80 hours." Community service for a defendant convicted of a Class B misdemeanor "may not exceed 100 hours and may not be less than 24 hours." Code Crim.Proc. art. 42.12, §§ 10A(d)(4), (5). While no time frames are set forth in article 45.54 as to the amount of community service, the requirement that the condition be reasonable mandates that there be a correlation between the amount of required community service, the severity of the crime, and the penalty. To meet the requirement of reasonableness the required community service should bear a relationship to the crime and characteristics of the offender. Tamez v. State,534 S.W.2d 686 (Tex.Crim.App. 1976). A condition of probation should be related to rehabilitation and public protection. Baker and Bubany, Probation for Class C Misdemeanors: To Fine or Not to Fine is Now the Question, supra. No reason is perceived why a defendant may not be required to perform community service pursuant to article 45.54 as a condition of the deferral of the fine so long as the required community service is reasonable. A determination of what constitutes reasonable community service must of necessity be made on a case by case basis.
The matter of the liability of judges of inferior courts is addressed in 48A C.J.S. Judges § 88, at 696. After noting that judges of inferior courts have the same exemption from civil liability for their judicial acts as is accorded to judges of courts of record, it is stated:
 An inferior judge or a judge of a court of limited jurisdiction, while acting within his jurisdiction, has been held exempt from civil liability, although he may have acted erroneously. An inferior judge or a judge of a court of limited jurisdiction is exempt from civil liability, although acting in excess of his jurisdiction, where the act is under colorable invocation of his jurisdiction, and even though his acts involve his affirmative decision that he has jurisdiction and errs in arriving at this conclusion, especially where he acts in good faith.
In Turner v. Pruitt, 342 S.W.2d 422 (Tex. 1961) the Texas Supreme Court addressed the matter of the tort liability of a justice of the peace for acts performed in judicial proceedings. In Turner the court stated:
 The same reasons underlying immunity of district judges from tort liability for acts performed or not performed in judicial proceedings require a conclusion that justices of the peace should enjoy a like immunity when acting in the course of judicial proceedings of which they have jurisdiction. Bumpus v. Fisher, 21 Tex. 561, 568; 13 A.L.R. 1348; 173 A.L.R. 806. The mere fact that in the course of such a proceeding a justice of the peace may refuse, but by writ of mandamus be compelled, to perform a clear legal duty, involving the exercise of no discretion, will not subject him to tort liability.
342 S.W.2d at 423.
The requirement of reasonable community service as a condition for deferral of fine made pursuant to article 45.54 is at the very least a colorable invocation of the justice's jurisdiction. Under such circumstances the justice of the peace would not be liable for injuries sustained by the defendant or third parties resulting from the defendant's performance of community service.
"The County is a political subdivision of the State and is immune from actions arising out of its negligence or the negligence of its agents, officials and employees unless this immunity is waived by the Texas Tort Claims Act." Vela v. Cameron County,703 S.W.2d 721 (Tex.App.-Corpus Christi 1985, writ ref'd n.r.e.). The Texas Tort Claims Act specifically excludes claims based on acts or omissions of a court of this state when the court is acting in its official capacity. Civ.Prac. and Rem. Code § 101.053 provides:
 (a) This chapter [Texas Tort Claims Act] does not apply to a claim based on an act or omission of a court of this state or any member of a court of this state acting in his official capacity or to a judicial function of a governmental unit. `Official capacity' means all duties of office and includes administrative decisions or actions.
 (b) This chapter does not apply to a claim based on an act or omission of an employee in the execution of a lawful order of any court.
You make a general inquiry about the liability of judges and counties in instances where a court requires community service as a condition of probation in misdemeanor and felony cases. A review of the opinion in Adams v. McIlhany, 764 F.2d 294 (5th Cir. 1985), cert. denied, 106 S.Ct. 883) (1986) is helpful in determining liability growing out of judicial acts. In Adams it was claimed a state district judge in Texas had summarily assessed punishment for constructive contempt. It was noted that the law is well settled that notice and hearing are required before a judge may assess punishment against an out-of-court contemnor. In Adams the court stated:
 [1] Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).
764 F.2d at 297.
 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 That McIlhany [Judge] may have been wholly motivated by personal malice does not in the least turn a judicial act into a non-judicial act. Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646
(1872); Stump, supra.
 The four factors generally relied upon by this circuit in determining whether an act is `judicial' also support this characterization of Judge McIlhany's actions; these are: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. McAlester v. Brown, 469 F.2d 1280, 1282 (5th Cir. 1972). The four-part McAlester test should always be considered in determining whether an act is `judicial'; however, the test factors should be broadly construed in favor of immunity, and it should be born in mind that while the McAlester factors will often plainly indicate that immunity is available, there are situations in which immunity must be afforded even though one or more of the McAlester factors fails to obtain. Nor are the factors to be given equal weight in all cases; rather, they should be construed in each case generously to the holder of the immunity and in the light of the policies underlying judicial immunity. Of primary importance among these policies is the need for independent and disinterested judicial decision-making; immunity should not be denied where the denial carries the potential of raising more than a frivolous concern in the mind of some future judge that to take proper action might expose him to personal liability. (Footnotes omitted.)
764 F.2d at 297.
 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 Where a court has some subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes.
764 F.2d at 298.
 A judge in requiring community service as a condition for probation would clearly have subject matter jurisdiction in a case where the statute authorizes the granting of probation and the imposition of this requirement. Under these circumstances the judge and county would not be liable for injuries sustained by the defendant or for damages sustained by third parties as the result of such community service.[2] We note that this question does not deal with judicial officers who are performing administrative, legislative or executive functions such as a board of state district judges making policy decisions as to the operation of a local adult probation department.
 A child found to have engaged in delinquent conduct arising from the commission of an offense where there has been property damage (or loss) or personal injury may be required to render personal services to a charitable or educational institution under section 54.041 of the Family Code. Section 54.041 makes the following provisions with regard to any liability which may result.
 A city, town, or county that establishes a program to assist children in rendering personal services to a charitable or educational institution as authorized by this subsection may purchase insurance policies protecting the city, town, or county against claims brought by a person other than the child for a cause of action that arises from an act of the child while rendering those services. The city, town, or county is not liable under this Act to the extent that damages are recoverable under a contract of insurance or under a plan of self-insurance authorized by statute. The liability of the city, town, or county for a cause of action that arises from an action of the child while rendering those services may not exceed $100,000 to a single person and $300,000 for a single occurrence of property damage. Liability may not extend to punitive or exemplary damages. This subsection does not waive a defense, immunity, or jurisdictional bar available to the city, town, or county or its officers or employees, nor shall this Act be construed to waive, repeal, or modify any provision of the Texas Tort Claims Act, as amended (Article 6252-19, Vernon's Texas Civil Statutes). (Emphasis added.)
Family Code § 54.041(b).
Article 8309h, V.T.C.S., in addressing the matter of workers' compensation for employees of a political subdivision specifically provides for insurance coverage for children rendering service to a charitable or educational institution under subsection (b), section 54.041 of the Family Code. V.T.C.S. art. 8309h, § 1(2) states:
 A political subdivision may cover children who are in a program established by the political subdivision to assist children in rendering personal services to a charitable or educational institution as authorized by Subsection (b), Section 54.041, Family Code. (Emphasis added.)
While there is no distinction in the liabilities imposed upon judges or counties in juvenile cases from those resulting from orders and judgments in other matters, the county may provide insurance to cover any claim resulting from any action by a child rendering service to a charitable or educational institution under section 54.041 of the Family Code. In addition, the county may provide workers' compensation insurance coverage for children rendering such service. V.T.C.S. art. 8309h.
Article 8309h lists the classifications of persons who are employees and subject to workers' compensation insurance coverage by a political subdivision. Article 8309h defines "employee" as follows:
 (2) `Employee' means every person in the service of a political subdivision who has been appointed in accordance with the provisions of the article. No person in the service of a political subdivision who is paid on a piecework basis or on a basis other than by the hour, day, week, month, or year shall be considered an employee and entitled to compensation under the terms of the provisions of this article. Provided, however, a political subdivision may cover volunteer firefighters, policemen, emergency medical personnel, and other volunteers that are specifically named who shall be entitled to full medical benefits and the minimum compensation payments under the law. A political subdivision may cover an elected official as an employee by a majority vote of the members of the governing body of the political subdivision. A political subdivision may cover children who are in a program established by the political subdivision to assist children in rendering personal services to a charitable or educational institution as authorized by Subsection (b), Section 54.041, Family Code. Members of the board of trustees of a self-insurance fund created hereunder may provide coverage for themselves as well as their staff, including persons with whom it has contracted to perform staff functions, or for any other self-insurance fund created under The Inter-local Cooperation Act (Article 4413(32c), Vernon's Texas Civil Statutes) by a majority vote of such members of the fund. No class of persons who are paid as a result of jury service or an appointment to serve in the conduct of elections may be considered employees under this article unless declared to be employees by a majority vote of the members of the governing body of a political subdivision.
Criminal defendants performing community service are not among the classifications of person for whom the county may provide workers' compensation insurance nor is there any authority for the county to procure insurance coverage for any claim arising from third parties as the result of such service.
 SUMMARY
A defendant may be required to perform reasonable community service as a condition of the deferral of a fine under Code Crim.Proc. art. 45.54. Neither the justice of the peace nor the county is liable for injuries to the defendant or third parties resulting from the performance of reasonable community service ordered pursuant to article 45.54. The judge and county are not liable for injuries sustained by a juvenile or third parties resulting from service to charitable or educational institutions performed by the juvenile pursuant to section 54.041 of the Family Code. The county is authorized under section 54.041 to provide insurance coverage against claims brought by a person other than the child for a cause of action arising from an act of a juvenile in providing such service. A county may provide insurance coverage for children rendering service to charitable or educational institutions pursuant to section 54.041 of the Family Code. Neither the judge nor the county is liable for injuries to the defendant or third parties resulting from the performance of community service ordered as a condition of probation pursuant to article 42.12 of the Texas Code of Criminal Procedure following conviction of the defendant for a felony or misdemeanor. The county is not authorized to include criminal defendants in its workers' compensation program and its liability insurance program to cover claims arising during the performance of community service by a probationer. The Texas Tort Claims Act specifically excludes claims based on acts or omissions of a court of this state when the court is acting in its official capacity.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lous McCreary Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Tom G. Davis Assistant Attorney General
[1] An individual adjudged guilty of a Class A misdemeanor shall be punished by:
(1) a fine not to exceed $2,000;
(2) a confinement in jail for a term not to exceed one year; or
(3) both such fine and imprisonment. Penal Code § 12.21.
An individual adjudged guilty of a Class B misdemeanor shall be punished by:
(1) a fine not to exceed $1,000;
(2) confinement in jail for a term not to exceed 180 days; or
(3) both such fine and imprisonment. Penal Code § 12.22.
[2] Where the convicted defendant is required to obtain employment as a condition of probation and the county is the employer, the county may be liable for personal injuries of the defendant. See Attorney General Opinion JM-526 (1986).