

# THE ATTORNEY GENERAL
## OF TEXAS

May 9, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Sam W. Dick
Criminal District Attorney
County Courthouse
Fort Bend County
Richmond, Texas 77469

Opinion No. JM-898

Re: Authority of a Justice
of the Peace to prescribe
community service as a sen-
tencing alternative, and
related questions (RQ-1344)

Dear Mr. Dick:

You ask the following questions:

1. May a Justice of the Peace provide
community service to a defendant as an
alternative punishment?

If so, will the Justice of the Peace and/
or the County be liable for injuries sus-
tained by the defendant during community
service or for damages sustained by third
parties as a result of the community
service?

2. What are the liabilities of the Judge
and the County in providing community
service in juvenile cases for injuries sus-
tained by the third parties as a result of
the community service?

3. What are the liabilities of the Judge
and County in providing community service as
a condition of probation in misdemeanor and
felony cases for injuries sustained by the
defendant during community service or for
damages sustained by third parties as a
result of the community service?

4. Can the County include criminal
defendants in its workers compensation
insurance program and its liability

p. 4419

insurance program to cover the liabilities during the period of community service?

5.   Does the Texas Tort Claims Act exempt the Judge and County from liability for community services?

You note that, while subsection (2)(d) of article 45.54 of the Texas Code of Criminal Procedure does not specifically provide for community service, the court is given discretion in granting any other reasonable conditions.

Article 45.54 provides

(1) Upon conviction of the defendant of a misdemeanor punishable by fine only, other than a misdemeanor disposed of by Section 143A, Uniform Act Regulating Traffic on Highways (Article 6701d, Vernon's Texas Civil Statutes), the justice may suspend the imposition of the fine and defer final disposition of the case for a period not to exceed 180 days.

(2) During said deferral period, the justice may require the defendant to:

(a) post a bond in the amount of the fine assessed to secure payment of the fine;

(b) pay restitution to the victim of the offense in an amount not to exceed the fine assessed;

(c) submit to professional counseling; and

(d) comply with any other reasonable condition, other than payment of all or part of the fine assessed.

(3) At the conclusion of the deferral period, if the defendant presents satisfactory evidence that he has complied with the requirements imposed, the justice may dismiss the complaint. Otherwise, the justice may reduce the fine assessed or may then impose the fine assessed. If the complaint is dismissed, a special expense not to

exceed the amount of  the fine assessed  may
be imposed.

(4) Records relating to a complaint  dis-
missed as provided  by this  article may  be
expunged under Article  55.01 of this  code.
(Emphasis added.)

Code Crim. Proc. art. 45.54.

In  Attorney  General  Opinion  JM-526  (1986),   the
following  observations   were   made  relative   to   the
legislature's enactment of article 45.54:

The legislature enacted  this statute  to
enable a 'justice' to make a form of  proba-
tion available  to defendants  convicted  of
offenses with a maximum punishment of a fine
not to exceed $200, i.e. Class C  misdemean-
ors.  See Acts 1981, 67th Leg., ch. 318, §1,
at 894  eff.  Sept.  1,  1981.   Penal  Code
§12.23.  This office has previously charact-
erized article 45.54  as a  form of  'proba-
tion' although the statute does not use  the
term.  See Attorney  General  Opinion  JM-307
(1985); see also Baker & Bubany,  'Probation
for Class C Misdemeanors:  To Fine or Not to
Fine is Now the Question,' 22 So. Tex.  L.J.
249 (1981).  Prior to  that time, there  was
no legislative authorization  to allow  pro-
bation in  non-traffic misdemeanor  offenses
punishable by  fine  only.  See  Code  Crim.
Proc. art. 42.13; see also Attorney  General
Opinion H-1128 (1978).

In Attorney  General  Opinion JM-307  (1985)  it  was
noted that article  45.54, in contrast  to the felony  and
misdemeanor probation statute, includes no purpose  clause
or any other provision stating the goals of its procedures
for suspending  sentences.  See  Code  Crim.  Proc.  art.
42.12.  In Attorney General  Opinion JM-526 it was  stated
that article  45.54 authorizes  the requirement  that  the
convicted defendant obtain  employment as  a condition  of
the deferral  of the  fine so long as the condition of
employment is reasonable.  If a defendant can be  required
to  obtain  employment  under  article  45.54,  the  same
rationale would tend to support the conclusion that he can
be required to  render community service  so long as  that
requirement  is  reasonable.   Probation  authorized   by
article 45.54 may  only be applicable  when the  defendant

has agreed to the conditions of the deferral. Attorney General Opinion JM-526.

In Baker and Bubany, _Probation for Class C Misdemeanors: To Fine or Not to Fine is Now the Question_, 22 So. Tex. L.J. 249 (1981), concern is expressed about the requirement of community service absent statutory sanction and where the penalty for the offense is by fine rather than by restraint. While it is recognized that the requirement of community service is not as severe a restraint as imprisonment, it is suggested that it is a restriction of a person's liberty.

Code Crim. Proc. art. 42.12, §10A provides for community service as a requirement for probationers convicted of Class A and Class B misdemeanors. In both of these classes of misdemeanors, punishment is by fine _or_ imprisonment, or by both fine and imprisonment.[1] Hence, a person who has been convicted of either a Class A or Class B misdemeanor, and assessed a fine only, may be required to perform community service as a condition of probation. Clearly, a requirement that the defendant obtain employment is no less restrictive of a person's liberty than the requirement of rendering community service.

Article 45.54 provides no limit on the amount of community service that may be required. Section 10A(d) of article 42.12 limits the amount of community service which may be ordered by the court for defendants convicted of Class A and Class B misdemeanors. Community service for a

---

1. An individual adjudged guilty of a Class A misdemeanor shall be punished by:
    (1) a fine not to exceed $2,000;
    (2) a confinement in jail for a term not to exceed one year; or
    (3) both such fine and imprisonment. Penal Code §12.21.

An individual adjudged guilty of a Class B misdemeanor shall be punished by:
    (1) a fine not to exceed $1,000;
    (2) confinement in jail for a term not to exceed 180 days; or

    (3) both such fine and imprisonment. Penal Code §12.22.

defendant convicted of a Class A misdemeanor "may not exceed 200 hours and may not be less than 80 hours." Community service for a defendant convicted of a Class B misdemeanor "may not exceed 100 hours and may not be less than 24 hours." Code Crim Proc. art. 42.12, §§10A(d)(4), (5). While no time frames are set forth in article 45.54 as to the amount of community service, the requirement that the condition be reasonable mandates that there be a correlation between the amount of required community service, the severity of the crime, and the penalty. To meet the requirement of reasonableness the required community service should bear a relationship to the crime and characteristics of the offender. Tamez v. State, 534 S.W.2d 686 (Tex. Crim. App. 1976). A condition of probation should be related to rehabilitation and public protection. Baker and Bubany, Probation for Class C Misdemeanors: To Fine or Not to Fine is Now the Question, supra. No reason is perceived why a defendant may not be required to perform community service pursuant to article 45.54 as a condition of the deferral of the fine so long as the required community service is reasonable. A determination of what constitutes reasonable community service must of necessity be made on a case by case basis.

The matter of the liability of judges of inferior courts is addressed in 48A C.J.S. Judges §88, at 696. After noting that judges of inferior courts have the same exemption from civil liability for their judicial acts as is accorded to judges of courts of record, it is stated:

> An inferior judge or a judge of a court of limited jurisdiction, while acting within his jurisdiction, has been held exempt from civil liability, although he may have acted erroneously. An inferior judge or a judge of a court of limited jurisdiction is exempt from civil liability, although acting in excess of his jurisdiction, where the act is under colorable invocation of his jurisdiction, and even though his acts involve his affirmative decision that he has jurisdiction and errs in arriving at this conclusion, especially where he acts in good faith.

In Turner v. Pruitt, 342 S.W.2d 422 (Tex. 1961) the Texas Supreme Court addressed the matter of the tort liability of a justice of the peace for acts performed in judicial proceedings. In Turner the court stated:

> The same reasons underlying immunity of district judges from tort liability for acts performed or not performed in judicial proceedings require a conclusion that justices of the peace should enjoy a like immunity when acting in the course of judicial proceedings of which they have jurisdiction. Bumpus v. Fisher, 21 Tex. 561, 568; 13 A.L.R. 1348; 173 A.L.R. 806. The mere fact that in the course of such a proceeding a justice of the peace may refuse, but by writ of mandamus be compelled, to perform a clear legal duty, involving the exercise of no discretion, will not subject him to tort liability.

342 S.W.2d at 423.

The requirement of reasonable community service as a condition for deferral of fine made pursuant to article 45.54 is at the very least a colorable invocation of the justice's jurisdiction. Under such circumstances the justice of the peace would not be liable for injuries sustained by the defendant or third parties resulting from the defendant's performance of community service.

"The County is a political subdivision of the State and is immune from actions arising out of its negligence or the negligence of its agents, officials and employees unless this immunity is waived by the Texas Tort Claims Act." Vela v. Cameron County, 703 S.W.2d 721 (Tex. App. - Corpus Christi 1985, writ ref'd n.r.e.). The Texas Tort Claims Act specifically excludes claims based on acts or omissions of a court of this state when the court is acting in its official capacity. Civ. Prac. and Rem. Code §101.053 provides:

> (a) This chapter [Texas Tort Claims Act] does not apply to a claim based on an act or omission of a court of this state or any member of a court of this state acting in his official capacity or to a judicial function of a governmental unit. 'Official capacity' means all duties of office and includes administrative decisions or actions.

> (b) This chapter does not apply to a claim based on an act or omission of an

> employee in the execution of a lawful order
> of any court.

You make a general inquiry about the liability of judges and counties in instances where a court requires community service as a condition of probation in misdemeanor and felony cases. A review of the opinion in Adams v. McIlhany, 764 F.2d 294 (5th Cir. 1985), cert. denied, 106 S.Ct. 883) (1986) is helpful in determining liability growing out of judicial acts. In Adams it was claimed a state district judge in Texas had summarily assessed punishment for constructive contempt. It was noted that the law is well settled that notice and hearing are required before a judge may assess punishment against an out-of- court contemnor. In Adams the court stated:

> [1] Absolute judicial immunity extends to
> all judicial acts which are not performed in
> the clear absence of all jurisdiction.
> Stump v. Sparkman, 435 U.S. 349, 98 S.Ct.
> 1099, 55 L.Ed.2d 331 (1978).

764 F.2d at 297.

> . . . .

> That McIlhany [Judge] may have been
> wholly motivated by personal malice does not
> in the least turn a judicial act into a non-
> judicial act. Bradley v. Fisher, 13 Wall.
> 335, 20 L.Ed. 646 (1872); Stump, supra.

> The four factors generally relied upon by
> this circuit in determining whether an act
> is 'judicial' also support this character-
> ization of Judge McIlhany's actions; these
> are: (1) whether the precise act complained
> of is a normal judicial function;
> (2) whether the acts occurred in the court-
> room or appropriate adjunct spaces such as
> the judge's chambers; (3) whether the
> controversy centered around a case pending
> before the court; and (4) whether the acts
> arose directly out of a visit to the judge
> in his official capacity. McAlester v.
> Brown, 469 F.2d 1280, 1282 (5th Cir. 1972).
> The four-part McAlester test should always
> be considered in determining whether an act
> is 'judicial'; however, the test factors
> should be broadly construed in favor of

> immunity, and it should be born in mind that while the McAlester factors will often plainly indicate that immunity is available, there are situations in which immunity must be afforded even though one or more of the McAlester factors fails to obtain. Nor are the factors to be given equal weight in all cases; rather, they should be construed in each case generously to the holder of the immunity and in the light of the policies underlying judicial immunity. Of primary importance among these policies is the need for independent and disinterested judicial decision-making; immunity should not be denied where the denial carries the potential of raising more than a frivolous concern in the mind of some future judge that to take proper action might expose him to personal liability. (Footnotes omitted.)

764 F.2d at 297.

> . . . .

> Where a court has some subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes.

764 F.2d at 298.

A judge in requiring community service as a condition for probation would clearly have subject matter jurisdiction in a case where the statute authorizes the granting of probation and the imposition of this requirement. Under these circumstances the judge and county would not be liable for injuries sustained by the defendant or for damages sustained by third parties as the result of such community service.[2] We note that this question does not deal with judicial officers who are performing administrative, legislative or executive functions such as

---

2.   Where the convicted defendant is required to obtain employment as a condition of probation and the county is the employer, the county may be liable for personal injuries of the defendant. See Attorney General Opinion JM-526 (1986).

a board of state  district judges making policy  decisions
as to the operation of a local adult probation department.

A child found to  have engaged in delinquent  conduct
arising from the commission of an offense where there  has
been property damage (or loss)  or personal injury may  be
required to render  personal services to  a charitable  or
educational institution under section 54.041 of the Family
Code.   Section 54.041 makes the following provisions  with
regard to any liability which may result.

> A city, town, or  county that establishes  a
> program  to  assist  children  in  rendering
> personal  services  to  a  charitable  or
> educational  institution  as  authorized  by
> this  subsection  <u>may  purchase  insurance
> policies  protecting  the  city,  town,  or
> county against  claims brought  by  a  person
> other than the child  for a cause of  action
> that arises from an  act of the child  while
> rendering those services</u>.  The city,  town,
> or county is  not liable under  this Act  to
> the  extent  that  damages  are  recoverable
> under a  contract of  insurance or  under  a
> plan  of  self-insurance  authorized  by
> statute.  The liability  of the city,  town,
> or county for a cause of action that  arises
> from an action of the child while  rendering
> those services may not exceed $100,000 to  a
> single person  and  $300,000  for  a  single
> occurrence of  property  damage.   Liability
> may not  extend  to  punitive  or  exemplary
> damages.  <u>This subsection  does not waive  a
> defense,  immunity,  or  jurisdictional  bar
> available to the  city, town,  or county  or
> its officers  or employees,  nor shall  this
> Act be construed to waive, repeal, or modify
> any provision of the Texas Tort Claims  Act,
> as amended</u> (Article 6252-19, Vernon's  Texas
> Civil Statutes).  (Emphasis added.)

Family Code §54.041(b).

Article 8309h, V.T.C.S., in addressing the matter  of
workers' compensation for employees of a political  subdi-
vision specifically  provides for  insurance coverage  for
children rendering service to a charitable or  educational
institution under subsection  (b), section  54.041 of  the
Family Code.  V.T.C.S. art. 8309h, §1(2) states:

> A political subdivision <u>may</u> cover children who are in a program established by the political subdivision to assist children in rendering personal services to a charitable or educational institution as authorized by Subsection (b), Section 54.041, Family Code.  (Emphasis added.)

While there is no distinction in the liabilities imposed upon judges or counties in juvenile cases from those resulting from orders and judgments in other matters, the county may provide insurance to cover any claim resulting from any action by a child rendering service to a charitable or educational institution under section 54.041 of the Family Code.  In addition, the county may provide workers' compensation insurance coverage for children rendering such service.  V.T.C.S. art. 8309h.

Article 8309h lists the classifications of persons who are employees and subject to workers' compensation insurance coverage by a political subdivision.  Article 8309h defines "employee" as follows:

> (2) 'Employee' means every person in the service of a political subdivision who has been appointed in accordance with the provisions of the article.  No person in the service of a political subdivision who is paid on a piecework basis or on a basis other than by the hour, day, week, month, or year shall be considered an employee and entitled to compensation under the terms of the provisions of this article.  Provided, however, a political subdivision may cover volunteer firefighters, policemen, emergency medical personnel, and other volunteers that are specifically named who shall be entitled to full medical benefits and the minimum compensation payments under the law.  A political subdivision may cover an elected official as an employee by a majority vote of the members of the governing body of the political subdivision.  A political subdivision may cover children who are in a program established by the political subdivision to assist children in rendering personal services to a charitable or educational institution as authorized by Subsection (b), Section 54.041, Family Code.  Members of the

board of trustees  of a self-insurance  fund
created hereunder may  provide coverage  for
themselves as well as their staff, including
persons  with  whom  it  has  contracted  to
perform staff  functions, or  for any  other
self-insurance fund created under The Inter-
local Cooperation  Act  (Article  4413(32c),
Vernon's Texas Civil Statutes) by a majority
vote of such members of the fund.  No  class
of persons who are paid as a result of  jury
service or an  appointment to  serve in  the
conduct  of  elections  may  be  considered
employees under this article unless declared
to be employees  by a majority  vote of  the
members of the governing body of a political
subdivision.

Criminal defendants performing community service  are
not among  the classifications  of  persons for  whom  the
county may provide workers' compensation insurance nor  is
there any authority  for the county  to procure  insurance
coverage for any claim arising  from third parties as  the
result of such service.

## S U M M A R Y

A defendant  may be  required to  perform
reasonable community service as a  condition
of the deferral of  a fine under Code  Crim.
Proc. art.  45.54.  Neither  the justice  of
the peace  nor  the  county  is  liable  for
injuries to the  defendant or third  parties
resulting from the performance of reasonable
community  service  ordered  pursuant   to
article 45.54.  The judge and county are not
liable for injuries sustained by a  juvenile
or third parties  resulting from service  to
charitable  or  educational  institutions
performed  by  the  juvenile  pursuant   to
section 54.041  of  the  Family  Code.   The
county is authorized under section 54.041 to
provide insurance  coverage  against  claims
brought by a person other than the child for
a cause of action arising  from an act of  a
juvenile  in  providing  such  service.    A
county may  provide insurance  coverage  for
children rendering service to charitable  or
educational institutions pursuant to section
54.041  of  the  Family  Code.   Neither  the
judge nor the county is liable for  injuries

to the defendant or third parties resulting from the performance of community service ordered as a condition of probation pursuant to article 42.12 of the Texas Code of Criminal Procedure following conviction of the defendant for a felony or misdemeanor. The county is not authorized to include criminal defendants in its workers' compensation program and its liability insurance program to cover claims arising during the performance of community service by a probationer. The Texas Tort Claims Act specifically excludes claims based on acts or omissions of a court of this state when the court is acting in its official capacity.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General