FRY V. STATE






NO. 07-08-0245-CR
NO. 07-08-0246-CR
NO. 07-08-0247-CR
NO. 07-08-0248-CR
NO. 07-08-0249-CR
NO. 07-08-0250-CR
NO. 07-08-0251-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 24, 2008
______________________________

JOHN PAUL ORTEGA, JR.,

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

v.

THE STATE OF TEXAS,

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
_________________________________

FROM THE 108th DISTRICT COURT OF POTTER COUNTY;

NOS. 52,879-E, 54,034-E, 54,569-E, 54,570-E, 54,571-E, 54,863-E, 55,917-E;
HON. ABE LOPEZ, PRESIDING
_______________________________

ORDER OF DISMISSAL
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
Â Â Â Â Â Â Â Â Â Â Appellant, John Paul Ortega, Jr., appeals his convictions for possession of a
controlled substance, cruelty to animals, aggravated assault against a public servant (2),
robbery, aggravated assault with a deadly weapon and sexual assault of a child. The
certification of right to appeal in each case executed by the trial court states that this âis a
plea bargain case and the defendant has no right of appeal.â This circumstance was
brought to the attention of appellant, who is acting pro se, and opportunity was granted him
to obtain an amended certification entitling appellant to appeal each case. No such
certification was received within the time we allotted. However, appellant filed a motion
requesting that counsel be appointed. Having received no amended certification, we
dismiss the appeals per Texas Rule of Appellate Procedure 25.2(d). Accordingly,
appellantâs motion for appointed counsel is denied as moot.
Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam

Do not publish.



















se" Priority="71" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful Shading"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00341-CV

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL D

Â 



SEPTEMBER
17, 2010

Â 



Â 

IN RE ZELDA KAY THORPE, RELATOR



Â 



Â 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

Â 

Â 

MEMORANDUM OPINION

Â 

In this original proceeding, relator Zelda Kay Thorpe seeks a writ of mandamus directing
respondent, the Honorable Don R. Emerson, judge of the 320th Judicial District
Court, to transfer the underlying family law case to Dallas County.  Finding the mandamus record does not
establish respondent abused his discretion, we will deny relatorÂs
petition.

Background

Â Â Â Â Â Â Â Â Â Â Â  Thorpe
and real party in interest, Santos Fuentes, Jr., were divorced by decree in the
320th District Court in May 2006. The decree contained orders of
conservatorship, possession and access, and child support of the coupleÂs one
minor child.Â  Thorpe filed a motion to
modify the decree on June 10, 2010.Â  Her
requested modification concerned FuentesÂ access to or possession of the
child.Â  Contemporaneously, Thorpe filed a
motion to transfer the case to Dallas County.Â 
She alleged Dallas County was the childÂs principal residence during the
preceding six-month period.Â  

Â Â Â Â Â Â Â Â Â Â Â  Appearing
pro se, Fuentes answered with a
general denial filed on July 8. The mandamus record does not contain an
affidavit controverting venue in Dallas County.Â  By then represented by counsel, on August 5
Fuentes filed a motion for enforcement asking the court to find Thorpe in
contempt of court for failing to surrender the child for visitation on July
30.Â  On August 5, FuentesÂ motion for
enforcement was set for hearing on August 31 by an order stamped with the
signature of Judge Emerson.Â  

Â Â Â Â Â Â Â Â Â Â Â  On
August 13, counsel for Thorpe delivered a letter of that date addressed to
Judge Emerson, noting ThorpeÂs pending motion to transfer.Â  The letter argued because Fuentes failed to
file a controverting affidavit the case should have
been transferred no later than August 2.Â 
The letter requested that Judge Emerson sign an enclosed order
transferring the case.Â  According to an
affidavit of counsel submitted as part of the mandamus record, the letter was
Âhand delivered to the office of [Judge Emerson] on August 13, 2010.ÂÂ  

Â Â Â Â Â Â Â Â Â Â Â  On
August 20, Thorpe filed the present original proceeding seeking an order directing
Judge Emerson to grant her motion to transfer the case to Dallas County.Â  She also sought temporary relief staying the
August 31 hearing on FuentesÂ motion for enforcement.Â  Despite our direction to do so, Fuentes did
not file a response.Â  By letter of August
27, we denied ThorpeÂs request for temporary relief.

Â 

Analysis

A relator
seeking relief by mandamus must show that the trial court clearly abused its
discretion, and the relator has no adequate remedy by
appeal.Â  In re Sw. Bell Tel. Co., 226 S.W.3d 400, 403 (Tex. 2007) (orig.
proceeding) (citing In re Prudential Ins.
Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding)).Â  Mandamus will issue to control the conduct of
a trial court only when Âthe duty to do the act commanded is clear and definite
and involves the exercise of no discretion--that is, when the act is
ministerial.Â Turner v.
Pruitt, 161 Tex. 532, 534, 342 S.W.2d 422, 423 (1961).Â  A trial court has no discretion in
determining what the law is or applying the law to the facts.Â  Walker
v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). The transfer
of a suit affecting the parent-child relationship to a county where the child
has resided for more than six months is a mandatory ministerial duty.Â  Proffer
v. Yates, 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding) (per curiam).[1]Â  Mandamus, therefore, is available to compel
the mandatory transfer of a suit affecting the parent-child relationship.Â  Id. at 672.Â  An
appellate court cannot resolve questions of fact in a mandamus proceeding.Â  In re Angelini, 186 S.W.3d 558, 560 (Tex. 2006) (orig.
proceeding).

Â Â Â Â Â Â Â Â Â Â Â  Before
mandamus relief may issue, the relator must establish
that the trial court 1) had a legal duty to perform a non-discretionary act, 2)
was asked to perform the act, and 3) failed or refused to do so.Â  OÂConnor v. First
Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); In re Chavez, 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001, orig. proceeding). If the
circumstances presented by the mandamus record imposed a legal duty on Judge
Emerson to transfer the case, a question we need not decide, the record
nonetheless does not demonstrate he abused his discretion by not doing so by
August 20.Â  As evidence Judge Emerson was
asked to perform the transfer and failed or refused to do so, Thorpe relies on
her counselÂs delivery of the August 13 letter and proposed order to Judge
EmersonÂs office and the setting on August 5 of a hearing on FuentesÂ motion
for enforcement for August 31.Â  But
nothing shows that Judge Emerson had any knowledge of ThorpeÂs motion to
transfer on August 5 when the order setting hearing was stamped.Â  The setting of the hearing does not give rise
to any inference of a failure or refusal on Judge EmersonÂs part to grant the
motion to transfer, and certainly does not make the clear showing necessary for
mandamus.Â  

Nor does the mere passage of seven
days from the delivery to Judge EmersonÂs office of ThorpeÂs August 13 letter
and proposed order to the date of her filing of her mandamus petition on August
20 demonstrate Judge Emerson failed or refused to transfer the case.Â  Even assuming transferring the case was by
that date mandatory (a decision, again, that we do not make), there could be
many reasons why a proposed order delivered to a trial court is not signed
within that period of time, some involving a possible abuse of discretion, some
not.Â  Our consideration of matters in the
trial court is of course limited to the mandamus record.Â  Mandamus relief dependent on a showing that a
trial court has abused its discretion by failing or refusing to act may not be
based merely on speculation or assumption.

Â Â Â Â Â Â Â Â Â Â Â  Finding
Thorpe has not demonstrated an abuse of discretion by Judge Emerson, we deny
her petition for writ of mandamus.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  James
T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Â Â Â Â Â Â Â Â Â Â Â  








Â 











[1] See Tex.
Fam. Code Ann. Â§ 155.201(a),(b) (Vernon 2008) and Â§
155.204(c),(d) (Vernon Supp. 2009) (transfer procedure).