NO. 07-10-00341-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 17, 2010

IN RE ZELDA KAY THORPE, RELATOR

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

In this original proceeding, relator Zelda Kay Thorpe seeks a writ of mandamus directing respondent, the Honorable Don R. Emerson, judge of the 320th Judicial District Court, to transfer the underlying family law case to Dallas County. Finding the mandamus record does not establish respondent abused his discretion, we will deny relator's petition.

Background

Thorpe and real party in interest, Santos Fuentes, Jr., were divorced by decree in the 320th District Court in May 2006. The decree contained orders of conservatorship, possession and access, and child support of the couple's one minor child. Thorpe filed a motion to modify the decree on June 10, 2010. Her requested modification concerned Fuentes' access to or possession of the child. Contemporaneously, Thorpe filed a

motion to transfer the case to Dallas County.  She alleged Dallas County was the child's principal residence during the preceding six-month period.

Appearing *pro se*, Fuentes answered with a general denial filed on July 8. The mandamus record does not contain an affidavit controverting venue in Dallas County. By then represented by counsel, on August 5 Fuentes filed a motion for enforcement asking the court to find Thorpe in contempt of court for failing to surrender the child for visitation on July 30.  On August 5, Fuentes' motion for enforcement was set for hearing on August 31 by an order stamped with the signature of Judge Emerson.

On August 13, counsel for Thorpe delivered a letter of that date addressed to Judge Emerson, noting Thorpe's pending motion to transfer.  The letter argued because Fuentes failed to file a controverting affidavit the case should have been transferred no later than August 2.  The letter requested that Judge Emerson sign an enclosed order transferring the case.  According to an affidavit of counsel submitted as part of the mandamus record, the letter was "hand delivered to the office of [Judge Emerson] on August 13, 2010."

On August 20, Thorpe filed the present original proceeding seeking an order directing Judge Emerson to grant her motion to transfer the case to Dallas County.  She also sought temporary relief staying the August 31 hearing on Fuentes' motion for enforcement.  Despite our direction to do so, Fuentes did not file a response.  By letter of August 27, we denied Thorpe's request for temporary relief.

Analysis

A relator seeking relief by mandamus must show that the trial court clearly abused its discretion, and the relator has no adequate remedy by appeal. *In re Sw. Bell Tel. Co.,* 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding)). Mandamus will issue to control the conduct of a trial court only when "the duty to do the act commanded is clear and definite and involves the exercise of no discretion--that is, when the act is ministerial." *Turner v. Pruitt,* 161 Tex. 532, 534, 342 S.W.2d 422, 423 (1961). A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). The transfer of a suit affecting the parent-child relationship to a county where the child has resided for more than six months is a mandatory ministerial duty. *Proffer v. Yates,* 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding) (per curiam).[1] Mandamus, therefore, is available to compel the mandatory transfer of a suit affecting the parent-child relationship. *Id.* at 672. An appellate court cannot resolve questions of fact in a mandamus proceeding. *In re Angelini,* 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding).

Before mandamus relief may issue, the relator must establish that the trial court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do so. *O'Connor v. First Court of Appeals,* 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); *In re Chavez,* 62 S.W.3d 225, 228 (Tex.App.--

---

[1] *See* Tex. Fam. Code Ann. § 155.201(a),(b) (Vernon 2008) and § 155.204(c),(d) (Vernon Supp. 2009) (transfer procedure).

Amarillo 2001, orig. proceeding). If the circumstances presented by the mandamus record imposed a legal duty on Judge Emerson to transfer the case, a question we need not decide, the record nonetheless does not demonstrate he abused his discretion by not doing so by August 20. As evidence Judge Emerson was asked to perform the transfer and failed or refused to do so, Thorpe relies on her counsel's delivery of the August 13 letter and proposed order to Judge Emerson's office and the setting on August 5 of a hearing on Fuentes' motion for enforcement for August 31. But nothing shows that Judge Emerson had any knowledge of Thorpe's motion to transfer on August 5 when the order setting hearing was stamped. The setting of the hearing does not give rise to any inference of a failure or refusal on Judge Emerson's part to grant the motion to transfer, and certainly does not make the clear showing necessary for mandamus.

Nor does the mere passage of seven days from the delivery to Judge Emerson's office of Thorpe's August 13 letter and proposed order to the date of her filing of her mandamus petition on August 20 demonstrate Judge Emerson failed or refused to transfer the case. Even assuming transferring the case was by that date mandatory (a decision, again, that we do not make), there could be many reasons why a proposed order delivered to a trial court is not signed within that period of time, some involving a possible abuse of discretion, some not. Our consideration of matters in the trial court is of course limited to the mandamus record. Mandamus relief dependent on a showing that a trial court has abused its discretion by failing or refusing to act may not be based merely on speculation or assumption.

4

Finding Thorpe has not demonstrated an abuse of discretion by Judge Emerson, we deny her petition for writ of mandamus.


James T. Campbell
Justice