NO. 07-10-00373-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 15, 2010

IN RE RODDY DEAN PIPPIN, RELATOR

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appearing *pro se*, Relator Roddy Dean Pippin has filed a petition for writ of mandamus complaining of alleged sentencing errors in judgments dated December 30, 2004. He asks us to order respondent, the Honorable Stuart Messer "judge of the 46th Judicial District Court," Hardeman County, to credit his sentences in three cases with pre-sentence jail time. We will deny the petition.

A relator seeking relief by mandamus must show that the trial court clearly abused its discretion, and the relator has no adequate remedy by appeal. *In re Sw. Bell Tel. Co.,* 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding)). Mandamus will issue to control the conduct of a trial court only when "the duty to do the act commanded is clear and definite and involves the exercise of no discretion--that is, when the act is ministerial." *Turner v. Pruitt,* 161 Tex. 532, 534, 342 S.W.2d 422, 423

(1961). Before mandamus relief may issue, the relator must establish that the trial court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do so. *O'Connor v. First Court of Appeals,* 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); *In re Chavez,* 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001, orig. proceeding).

We are unable to grant relator the requested mandamus relief for several reasons.

We take judicial notice of the fact that Judge Messer is the presiding judge of the 100th Judicial District Court, which does not include Hardeman County. Nor did Judge Messer preside over relator's cases in 2004. *Pippin v. State*, 271 S.W.3d 861 (Tex.App.--Amarillo 2008, no pet.). But without documentation relator asserts Judge Messer now presides over the 46th district court by assignment. Besides Judge Messer, relator adds that three other judges presided over his case in the trial court. Mandamus is directed specifically to an individual judicial officer. It is not directed to a judge simply because he or she occupies the office formerly held by the judge of whom a relator complains. *See In re Roseland Oil & Gas,* Inc., 68 S.W.3d 784, 786 (Tex.App.--Eastland 2001, orig. proceeding) ("[m]andamus is personal to the judge"). In other words, "[a] writ of mandamus will not lie against a successor judge in the absence of a refusal by him to grant the relief Relator seeks." *State v. Olsen,* 163 Tex. 449, 360 S.W.2d 402, 403 (1962) (orig. proceeding).

Even were Judge Messer the proper respondent in this original proceeding, relator would not be entitled to the relief requested. Relator does not allege he is

2

presently confined illegally because he would have discharged his sentences had he received correct time credit. Claims for pre-sentence jail time credit like that asserted by relator are ordinarily raised by a motion for judgment *nunc pro tunc* filed in the convicting court. *Ex parte Ybarra,* 149 S.W.3d 147, 148 (Tex.Crim.App. 2004). Should the trial court deny the motion for judgment *nunc pro tunc* or fail or refuse to respond to the motion, the movant may petition the proper court of appeals for a writ of mandamus. *Id.* Here there is no record or other proper indication that relator filed a motion for judgment *nunc pro tunc* which the convicting court denied or failed or refused to rule on following a proper request.

Further, relator's petition does not meet several formal requirements of Rule 52 of the Rules of Appellate Procedure. Tex. R. App. P. 52. In particular, it omits the certification required by Rule 52.3(j) and does not contain the appendix required by Rule 52.3(k). Relator also did not file a record as required by Rule 52.7.

Based on the foregoing discussion, we deny relator's petition for writ of mandamus.

James T. Campbell
Justice